Brenda Lee **TERRELL** and Willis D. Moore, Guardian Ad Litem for Terry Christopher Terrell, a Minor, Appellants,

v.

Jim Joe **CHAMBERS** and Sharon Dianne Chambers, Appellees.

No. 1460.

Court of Appeals of Texas, Tyler.

Feb. 19, 1982.

Rehearing Denied March 11, 1982.

John W. Key, Jr., Willis D. Moore, Athens, for appellants.

Henry T. Skelton, Athens, for appellees.

MOORE, Justice.

This is an appeal from a decree terminating the parent/child relationship between the child, Terry Christopher Terrell, and his mother, Brenda Lee Terrell, appellant herein, and his father. Trial was to the court sitting without a jury. No findings of fact or conclusions of law were requested or filed. The father, Rickey Terrell, is not a party to this appeal.

Appellees, the sister and brother-in-law of the father, initiated this suit to terminate the parent/child relationship and adopt the child. Prior to the filing of appellees' suit, appellant, Brenda Terrell, and her husband, Rickey Terrell, executed an affidavit of relinquishment of parental rights for the purpose of allowing appellees to accomplish termination of the parental rights and to facilitate adoption of the child. The affidavit of relinquishment was made irrevocable for a period of sixty days. After the execution of the affidavit, but before the expiration of the sixty-day period, appellant, Brenda Lee Terrell, filed a proceeding to revoke her relinquishment. Also prior to the expiration of the sixty-day period, the trial court heard the termination portion of the suit, and held the affidavit to be irrevocable as to appellant and found termination of the parent/child relationship

as to both the mother and the father to be in the best interest of the child. The trial court held the adoption portion of the case in abeyance pending the result of appellant's appeal.

Appellant brings three points of error. Appellant's first two points of error relate to the affidavit of relinquishment. Appellant first contends that the trial court erred in not allowing her to revoke the affidavit because she executed the affidavit as a result of duress, deceit, and fraud.

The record indicates that appellant signed the affidavit when she was seventeen years of age and had received only a ninth grade education. Appellant testified that her husband persuaded her that signing the affidavit was the best thing to do, that her husband informed her that he was getting a divorce and that he could not afford to pay her child support.

It is generally understood that an irrevocable affidavit of relinquishment can be revoked only upon a showing of fraud, misrepresentation, over-reaching, or the like. *Catholic Charities v. Harper*, 161 Tex. 21, 337 S.W.2d 111 (1960). The burden of proof of facts tending to show fraud, misrepresentation, overreaching, or the like, is upon the party seeking to revoke the affidavit. *Pattison v. Spratlan*, 535 S.W.2d 48 (Tex.Civ.App.—Tyler 1976), affirmed 539 S.W.2d 60 (Tex.1976).

It is apparent from the recitation of the facts, that appellant, Brenda Lee Terrell, was not subjected to any fraudulent conduct or overreaching by anyone involved in this matter. She testified that the meaning of the affidavit was fully explained to her. Appellant's real complaint is that the consent was not voluntarily given because of the persuasion on the part of her husband. Exerted influence cannot be called undue merely because it is persuasive and effective. The law does not condemn all persuasion, importunity, argument or solicitation. *Methodist Mission Home v. N__ A__ B__*, 451 S.W.2d 539, 543 (Tex.Civ.App. —San Antonio 1970, no writ).

Whether the affidavit was voluntarily signed was a fact issue for determination by the trial court. It is our opinion that the evidence supported the finding of the court that the affidavit of relinquishment was voluntarily executed by appellant. Appellant's first point of error is overruled.

Appellant's second point of error contends that the trial court erred as a matter of law in holding that the notary public taking the affidavit of relinquishment was not disqualified.

The record reflects that appellees' attorney, Mr. Damon Douglass, a notary public, took the verification of appellant on her affidavit of relinquishment. The record also shows that the affidavit named Mr. Douglass as managing conservator of appellant's child and that at trial Mr. Douglass represented appellees in their suit to terminate appellant's parental rights. There was a dispute at trial concerning whether appellant had actually sworn to the affidavit. Appellant testified that she had not; however, Mr. Douglass testified that she had.

We are unable to find any cases concerning this particular fact situation. The only rule that can be stated is that one who is an interested party to an instrument may be disqualified from functioning as a notary public. *Morris v. Dunn*, 164 S.W.2d 562 (Tex.Civ.App.—Fort Worth 1947, no writ); 41 Tex.Jur.2d Notaries § 3 (1963).

Under the facts of this case it is clear that Mr. Douglass has a strong financial and beneficial interest in the affidavit. We conclude that Mr. Douglass was disqualified to take appellant's affidavit and therefore such affidavit was void.

Further even assuming arguendo that the affidavit was valid, there was insufficient evidence to support the trial court's termination of appellant's parental rights. Clear and convincing evidence is required in an involuntary termination of parental rights. *In the Interest of G. M.*, 596 S.W.2d 846 (Tex.1980). Appellees, however, argue that since appellant signed an affidavit of relinquishment the clear and

convincing standard should not apply. We cannot agree.

 The termination of parental rights under § 15.02 [1] is a two-step process. The trial court must make two findings: (1) the parent has committed one of eleven enumerated acts within § 15.02(1) and (2) under 15.02(2) that termination is in the best interest of the child. *Holley v. Adams,* 544 S.W.2d 367 (Tex.1976). Execution of an affidavit of relinquishment is merely one of the eleven enumerated grounds under § 15.02(1) upon which parental rights may be terminated. Section 15.03 as it relates to the irrevocability of the affidavit of relinquishment merely prevents the parent from withdrawing the affidavit as a *ground* for terminating the parent/child relationship. The signing of an affidavit of relinquishment, however, does not affect the requirement that the trial court must still find under § 15.02 that termination is in the best interest of the child. *See Allred v. Harris County Child Welfare Unit,* 615 S.W.2d 803 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

In *Holley,* the Supreme Court set out factors that could be considered by the court in ascertaining the best interest of the child. Including among these were (1) emotional and physical needs of the child now and in the future; (2) the emotional and physical danger to the child now and in the future; (3) the parental abilities of the individuals seeking custody; (4) the plans for the child by the individuals seeking custody; (5) the acts or omissions of the parent which may indicate that the existing parent/child relationship is not a proper one; and (6) any excuse for the acts or omissions of the parent. 544 S.W.2d at 372. There is no evidence of probative force in the record to support the trial court's implied finding that termination would be in the best interest of the child.

The only person to testify concerning the parent/child relationship and the best interest of the child was the appellant, Brenda Terrell. The appellant testified that she was presently unemployed and that she planned to live with her mother after the divorce. There is no evidence that the appellant was an unfit mother or was not financially or emotionally able to care for the needs of the child. Nor was there evidence concerning the ability of the appellees to care for the child's emotional and physical well-being. Under these facts we hold that there is no evidence, clear, convincing or otherwise, that termination was in the best interest of the child.

Accordingly, the judgment of the trial court is reversed and appellees' petition for termination of the parent/child relationship is dismissed.

---

1. All citations are to the Tex.Family Code Ann. (Vernon Supp.1982).