Sherry L. MARTIN, Appellant,

v.

Steve Raymond MOONEY, et ux., Appellees.

No. 14254.

Court of Appeals of Texas, Austin.

May 8, 1985.

Rehearing Denied Aug. 28, 1985.

Kirby J. Roberts, Buchanan Dam, for appellant.

David Greenfield, Blanks, Greenfield, McWhinney & Rhodes, Temple, for appellees.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

BRADY, Justice.

This is an appeal from a judgment denying appellant, Sherry L. Martin, relief by a Bill of Review from a judgment terminating her parental rights to her child. The child was born on January 6, 1984. On the same day, appellees, Steve and Inez Mooney, with the affidavit of relinquishment duly executed by appellant and with the consent of appellant, picked up the child. The child has resided with appellees since that time. On January 19, the trial court entered an order naming appellees as managing conservators based on the appellant's voluntary affidavit of relinquishment. Appellant subsequently changed her mind and now claims that the affidavit of relinquishment was void and therefore, the trial court had no jurisdiction to terminate her parental rights. The trial of the bill of review was to a jury which returned a verdict rejecting appellant's contentions. During the course of the proceedings, the court overruled appellant's motion for an instructed verdict. We will affirm the judgment of the trial court.

■  In appellant's first point of error, the argument is proffered that the court erred in overruling appellant's motion for an instructed verdict. Appellant argues in this regard that the affidavit of relinquishment of parental rights was not sworn to before being signed. We need not discuss this issue since appellant's brief provides no argument or authorities in support of this point of error. *Rayburn v. Giles*, 182 S.W.2d 9 (Tex.Civ.App.1944, writ ref'd).

Appellant's second point of error attacks the trial court's jurisdiction on the ground that the proceeding to terminate appellant's parental rights was based upon a void affidavit of relinquishment. This conclusion is reached based upon appellant's belief that the attorney who took the necessary acknowledgment to the affidavit of relinquishment was an interested party. Appellant argues in this regard that the attorney was an interested party because he was the attorney for the Mooneys at the time the affidavit was signed. Appellant argues that this attorney was, therefore, disqualified from taking the acknowledgment. Thus, the contention is raised that appellees were never properly designated managing conservators and, therefore, lacked standing to invoke the jurisdiction of the court in that they are not persons with an interest in the child. *See,* Tex.Fam.Code Ann. § 11.03 (Supp.1985).

The Texas Family Code provides that an affidavit of relinquishment must "be acknowledged before a person authorized to take oaths." Tex.Fam.Code Ann. § 15.03 (Supp.1985). It is not disputed that the attorney in question is a notary and is, therefore, authorized to take oaths. The question before us is whether he is disqualified from taking appellant's acknowledgment.

Appellant apparently finds support for her second point of error from the case of *Terrell v. Chambers*, 630 S.W.2d 800 (Tex.App.1982), writ ref'd n.r.e., 639 S.W.2d 451 (Tex.1982). In the *Terrell* case, it was held that an attorney representing the adoptive parents in a termination proceeding was disqualified to take an acknowledgment on an affidavit of relinquishment. *Id.* The court ruled that the affidavit which the attorney acknowledged was a void instrument. In a per curiam opinion, the Texas Supreme Court stated "We are not to be understood as approving the holding of the Court of Appeals that the affidavit of relinquishment was void because the attorney who acted as the notary to take the affidavits had a 'strong financial and beneficial interest.'" *Chambers v. Terrell*, 639 S.W.2d 451, 452 (Tex.1982). The court added: "Among other things, no financial interest appears in the record." *Id.* at 452. The attorney in the case at bar withdrew immediately upon learning of the potential conflict of interest. Furthermore, he did not handle the termination, adoption or Bill of Review proceedings involved herein. We conclude that the record is devoid of any indication that the attorney had a strong financial and beneficial interest so as to disqualify him from taking the acknowledgment. The attorney in this case performed merely a ministerial act, and as such, was not disqualified from taking the acknowledgment from the appellant. *Walden v. Locke*, 49 S.W.2d 832 (Tex.Civ.App.1932, writ ref'd); *Duncan v. Duncan*, 300 S.W.2d 149 (Tex.Civ.App. 1957, writ ref'd).

Appellant's third point of error alleges that the trial court erred in failing to render a judgment granting appellant's Bill of Review. It is appellant's contention that the undisputed evidence shows an entitlement to a Bill of Review. To successfully comply with the requirements for a Bill of Review, appellant must plead and prove the following: (1) that there is a meritorious defense to the action; (2) that appellant was prevented from asserting such defense by fraud, accident, mistake or overreaching of the opposite party; and (3) that such was unmixed with the negligence or fault of the appellant. *Alexander v. Hagedorn*, 226 S.W.2d 996 (Tex.1950). These pleading and proof requirements are strict because the law favors the finality of judgments. *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979). Based upon the foregoing, appellant argues that the affidavit of relinquishment was void in support of her claim of a meritorious defense. As previously set forth, we hold that the affidavit was not demonstrated to be a void instrument. In our judgment, appellant cannot prevail on her Bill of Review for failure to plead and prove a meritorious defense.

The judgment of the trial court is affirmed.