**Deborah Rena BYRNE, Appellant,**

v.

**CATHOLIC CHARITIES, DIOCESE OF SAN ANGELO, INC., Appellee.**

No. 14655.

Court of Appeals of Texas, Austin.

May 21, 1986.

Thomas Gossett, San Angelo, for appellant.

Francis Culhane, San Angelo, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

PER CURIAM.

Appellant, Deborah Rena Byrne, appeals from the district court's decree terminating her parental rights over her child and appointing appellee, Catholic Charities, Diocese of San Angelo, Inc., managing conservator of the child. We will affirm the trial court's judgment.

Byrne contacted Catholic Charities regarding adoption of her child in August 1985, eleven days prior to the child's birth. At that time, Byrne entered into a written financial agreement with Catholic Charities by which the agency agreed to pay the mother and child's necessary expenses. Byrne agreed to pay all the expenses, however, if she decided to keep the baby. On August 21, 1985, after the baby's birth, Byrne executed an affidavit of relinquish-

ment in favor of Catholic Charities. Because the affidavit named Catholic Charities, a licensed child-care agency, as managing conservator, the affidavit was irrevocable. Tex.Fam.Code Ann. § 15.03 (1975 & Supp.1986). Byrne also executed an affidavit of status (child born) which named two persons as probable fathers of the child.[1] Tex.Fam.Code Ann. § 15.04 (Supp. 1986). Byrne released the child to Catholic Charities on August 19, three days after its birth. On September 5 and 13, 1985, appellant executed additional affidavits of relinquishment because of procedural mistakes in the first. After Catholic Charities filed its petition to terminate, Byrne notified the agency that she wished to revoke the affidavit of relinquishment. Following a bench trial, the district court found that Byrne had executed an irrevocable affidavit of relinquishment of parental rights in accordance with § 15.03 and that termination of the parent-child relationship was in the child's best interest; terminated the parent-child relationship; and appointed Catholic Charities managing conservator.

In two points of error, Byrne argues that the evidence was factually insufficient to support the above finding and that the finding was against the great weight and preponderance of the evidence. In reviewing these points, we will consider all of the evidence to determine whether the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). The party seeking termination must prove by clear and convincing evidence that the termination is in the child's best interest. *Herrera v. Herrera*, 409 S.W.2d 395, 396 (Tex.1966). The factors which the court generally considers in ascertaining the child's best interest include (1) the child's desires; (2) the child's emotional and physical needs now and in the future; (3) the emotional and physical danger to the child now and in the future;

1. One of the persons named executed an affidavit of waiver of interest pursuant to Tex.Fam. Code Ann. § 15.041 (Supp.1986). The other was served with citation by publication and did not appear at the hearing. The child is not legitimate to either of the two men. Neither is involved in this appeal.

(4) the parental abilities of those seeking custody; (5) their plans for the child; (6) the stability of the existing home; (7) the parent's acts or omissions which may indicate that the existing parent-child relationship is not a proper one; and (8) any excuse for the parent's acts or omissions. *Holley v. Adams*, 544 S.W.2d 367 (Tex.1976). In deciding a factual sufficiency point in a termination proceeding, in which the evidentiary standard is one of clear and convincing evidence, this Court must determine whether the evidence in support of the trial court's judgment meets the required standard.

Texas Fam.Code Ann. § 15.02 (Supp. 1986) allows a court to grant a petition for termination when the parent is not the petitioner if the court finds that:

(1) the parent has ...

(K) executed before or after the suit is filed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Section 15.03 of this code; and in addition, the court further finds that

(2) termination is in the best interest of the child.

This provision requires proof of both elements; the proof of the first does not excuse proof of the second. *Holly*, 544 S.W.2d at 370; *Wiley v. Spratlan*, 543 S.W.2d 349, 351 (Tex.1976); *Terrell v. Chambers*, 630 S.W.2d 800 (Tex.App.), writ ref'd n.r.e. 639 S.W.2d 451 (Tex.1982). Although appellant challenged the sufficiency of the affidavit at trial, she does not do so on appeal. The trial court's finding regarding the affidavit, therefore, is binding upon appellant and this Court. *Gifford v. Fort Worth & D.C. Ry. Co.*, 151 Tex. 282, 249 S.W.2d 190, 193 (1952); *Gibbs v. Greenwood*, 651 S.W.2d 377, 380 (Tex.App.1983, no writ). Consequently, the question is not whether Catholic Charities proved the first element, a ground for termination under § 15.02(1), but whether the agency proved the second element under § 15.02(2).

The natural right between parents and their children is one of constitutional dimensions and should be disturbed only for the most compelling and serious of reasons. *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Meyer v. Nebraska*, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923); *Holick v. Smith*, 685 S.W.2d 18 (Tex.1985); *In Interest of G.M.*, 596 S.W.2d 846 (Tex.1980); *Wiley*, 543 S.W.2d at 352. The courts have always recognized the strong presumption that a child's best interest is usually served by keeping custody with the natural parents. *Wiley*, 543 S.W.2d at 352; *Herrera*, 409 S.W.2d at 396; *Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex. 1965); *Mumma v. Aguirre*, 364 S.W.2d 220 (Tex.1963). However, when a parent voluntarily terminates the parent-child bond, the best interests of the child become paramount. Once the parent surrenders the child to a licensed agency for adoption, the child's safety, education, care, and protection is of the utmost importance. *Brown v. McLennan Cty. Children's Protective Services*, 627 S.W.2d 390, 393–394 (Tex.1982).

Catholic Charities contends that Byrne's execution of the affidavit of relinquishment and the agency's petition to terminate are sufficient basis for the trial court's finding that termination is in the child's best interest, citing *Brown, supra*. In *Brown*, an appeal from a decree terminating the parent-child relationship, the cause was before the Court without a statement of facts. The Court concluded that the failure to make a record was not erroneous because "it was the intent of the Legislature to make such an affidavit of relinquishment sufficient evidence on which the trial court can make a finding that termination is in the best interest of the children." *Id.* at 394. In *Stubbs v. Stubbs*, 685 S.W.2d 643 (Tex.1985), the Court discussed this holding and stated, "Section 15.03(d) of the Family Code expressly provided for the irrevocability of affidavits made to State authorized adoption agencies. We found that by enacting § 15.03(d), the legislature intended to make such irrevocable affidavits of relinquishment sufficient evidence on which the trial court could find termination to be in the children's best interests." *Id.* at 645–

646. *See In Interest of D.E.W., Jr.,* 654 S.W.2d 33 (Tex.App.1983, writ ref'd n.r.e.); *contra Terrell v. Chambers,* 630 S.W.2d 800 (Tex.App.), writ ref'd n.r.e., 639 S.W.2d 451 (Tex.1982).

The affidavit of relinquishment was executed in favor of a licensed child care agency and made irrevocable by § 15.03, as was the affidavit in *Brown.* Byrne does not now challenge the trial court's finding that she executed the affidavit or argue that Catholic Charities obtained the affidavit by fraud, misrepresentation or overreaching. *See* Brown, 627 S.W.2d at 394. Pursuant to § 15.03(b)(6), Byrne's affidavit of relinquishment alleged that termination of the parent-child relationship is in the best interest of the child. We conclude that there is sufficient evidence to support that allegation and the trial court's finding. We overrule Byrne's points of error.

In her third point of error, Byrne argues that the trial court abused its discretion in finding that termination of the parent-child relationship is in the best interest of the child. As discussed above, there is sufficient evidence to support the finding. Consequently, we find no abuse of discretion and overrule appellant's third point of error.

The judgment is affirmed.

EARL W. SMITH, J., not participating.