Dwayne IVY, Appellant,

v.

The EDNA GLADNEY HOME, Appellee.

No. 2–89–194–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 1, 1990.

Donald T. Fulton, Fort Worth, for appellant.

Wynn, Brown, Mack, Renfro & Thompson, A Professional Corporation, and Susan I. Paquet, Fort Worth, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

FARRIS, Justice.

Dwayne Ivy appeals the judgment of the trial court terminating his parental rights. Ivy brings six points of error on appeal. Ivy contends: (1) the trial court had no personal jurisdiction over him because the citation waiver did not acknowledge receipt of a copy of the original petition; (2) & (3) there was no clear and convincing evidence of grounds for termination of his parental rights; (4) the trial court erred in failing to appoint a guardian ad litem to represent the interests of the child; (5) the trial court failed to consider the factors set out in *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976) as determinative of the best interest of the child in termination cases; and (6) the trial court denied Ivy his right to procedural due process guaranteed under the fourteenth amendment. Finding no error, we overrule each of Ivy's points of error and affirm the judgment of the trial court.

In his first point of error, Ivy contends the trial court had no personal jurisdiction over him because the citation waiver he signed did not contain a statement acknowledging receipt of a copy of the original petition and was therefore ineffective.

Dwayne Ivy executed an "Affidavit of Waiver of Interest in Child" in compliance with TEX.FAM.CODE ANN. sec. 15.041 (Vernon Supp.1990). The affidavit stated in part:

My name is Dwayne Ivy ... I AM NOT MARRIED TO THE CHILD'S MOTHER. I DO NOT ADMIT BEING THE CHILD'S FATHER. I DISCLAIM ANY INTEREST IN THE CHILD. I

CLAIM NO RIGHTS WITH RESPECT TO THE CHILD.

I understand that The Edna Gladney Home, a licensed adoption agency, has filed or will file a lawsuit (hereinafter called 'the termination lawsuit') in one of the District Courts of Tarrant County, Texas, to terminate forever all legal relationships and rights which exist or may exist between the child and the child's mother and father. I understand that the purpose of the termination lawsuit is to free the child for adoptive placement by The Edna Gladney Home.

I agree that this affidavit may be filed with the Court in the termination lawsuit. I want nothing further to do with the termination lawsuit. I waive and give up the right to the issuance, service, and return of citation, notice and all other process in the termination lawsuit, and I also agree that a final hearing may be held in the termination lawsuit at any time without notice to me ... *provided only that the Court sign a judgment declaring that no legal parent-child relationship exists between the child and me.* [Emphasis in original.]

Ivy contends the waiver does not comply with TEX.R.CIV.P. 119, which states in part:

The party signing such memorandum shall be delivered a copy of plaintiff's petition, and the receipt of the same shall be acknowledged in such memorandum.

Ivy relies on *Travieso v. Travieso,* 649 S.W.2d 818, 820 (Tex.App.—San Antonio 1983, no writ), wherein that court held the failure to comply with mandatory requirements of Rule 119 renders the waiver of citation fatally defective and will, therefore, not support personal jurisdiction.

■ A similar argument was presented to the Texas Supreme Court in *Brown v. McLennan County Children's Protective Services,* 627 S.W.2d 390 (Tex.1982). In *Brown,* the child's mother in a termination suit argued that her pre-suit waiver of citation was ineffective because TEX.R.CIV.P. 119 prohibits waiver of citation executed *prior* to the filing of suit. The supreme court upheld the waiver of citation because

it met the requirements of TEX.FAM. CODE ANN. sec. 15.03 (Vernon Supp. 1990). Just as in the *Brown* case, the waiver of citation contained in the "Affidavit of Waiver of Interest in Child" executed by Ivy meets the requirements of TEX. FAM.CODE ANN. sec. 15.041 (Vernon Supp.1990) which provides:

An affidavit disclaiming any interest in a child and waiving notice or the service of citation in any suit filed or to be filed affecting the parent-child relationship with respect to the child may be executed for the purposes of this section by any person except the child's mother.

Ivy contends this case can be distinguished from the *Brown* case because in the *Brown* case, the waiver of citation was contained in an "Affidavit of Relinquishment" signed by the mother pursuant to TEX.FAM.CODE ANN. sec. 15.03 (Vernon Supp.1990), and in the present case, we have a waiver of citation contained in a waiver of interest in child signed by a putative father pursuant to TEX.FAM. CODE ANN. sec. 15.041 (Vernon Supp. 1990). It is incongruous that the supreme court and the legislature intended to offer greater protection to fathers signing affidavits of waiver of interest in child under section 15.041 than to parents signing affidavits of relinquishments of parental rights under section 15.03.

We find no merit in appellant's argument that the judgment does not conform to the language in the "Affidavit of Waiver of Interest in Child." As there is no requirement in section 15.041 of the Texas Family Code as to delivery and acknowledgment of receipt of a copy of petition and as Ivy voluntarily signed the "Affidavit of Waiver of Interest in Child," the trial court had personal jurisdiction over Ivy, and the document effectively waived notice and service of citation. Ivy's first point of error is overruled.

■ In Ivy's second and third points of error, he contends the trial court erred in finding there were grounds for termination of his parental rights. Ivy contends the substantive grounds for involuntary termi-

nation of his parental rights as provided in section 15.02 of the Texas Family Code were not complied with. Section 15.02 provides a laundry list of the grounds from which the court may grant the termination of a parent-child relationship along with the fact that termination is in the best interest of the child. Ivy asserts the only ground testified to in the present case is that he voluntarily left the child alone or in the possession of another not the parent and expressed an intent not to return. TEX. FAM.CODE ANN. sec. 15.02(1)(A) (Vernon Supp.1990). Ivy further asserts since he in fact returned and was present at The Edna Gladney Home visiting the mother at the very time the hearing was held, this directly opposes and contradicts an intent not to return.

The burden of proof for termination of Ivy's parental rights is by clear and convincing evidence. TEX.FAM.CODE ANN. sec. 11.15 (Vernon Supp.1990). In the present case, Ivy contends the contradiction of his returning, which is in opposition to his intent not to return, is anything but clear and convincing evidence and therefore, there are no grounds for termination of his parental rights. He further asserts since the mother and child were both present in The Edna Gladney Home, there is no proof of leaving the child in the possession of another not the parent.

TEX.FAM.CODE ANN. sec. 15.02(1)(K) (Vernon Supp.1990) provides that an executed affidavit of relinquishment of parental rights before or after suit is filed and one which is unrevoked or irrevocable is one of the grounds by which a court may terminate the parent-child relationship. *See Brown,* 627 S.W.2d at 393; *Byrne v. Catholic Charities, Diocese of San Angelo, Inc.,* 710 S.W.2d 780, 782 (Tex.App.—Austin 1986, no writ). Even though Family Code section 15.02 and the case law do not expressly state that an affidavit of waiver of interest in a child is sufficient to uphold a termination judgment by the court, we again think the legislature did not intend to give more protection to fathers signing an affidavit of waiver of interest in child than they did to parents signing affidavits of relinquishment, and therefore, we hold the executed "Affidavit of Waiver of Interest in Child," in and of itself, was sufficient to uphold the termination judgment signed by the court. Ivy's second and third points of error are overruled.

In point of error four, Ivy contends the trial court erred in failing to appoint a guardian ad litem for the child. Under TEX.FAM.CODE ANN. sec. 11.10 (Vernon 1986), the court is required to appoint a guardian ad litem for the child in any suit in which termination of a parent-child relationship is sought unless the court finds that the interests of the child will be represented adequately by a party to the suit and are not adverse to that party. Here, as in *B.A.L. v. Edna Gladney Home,* 677 S.W.2d 826 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.), the child was not represented by either a guardian ad litem or an attorney ad litem at the time of the termination hearing or at the hearing on motion for new trial, nor was one requested at any of those stages or prior to the filing of appellant's brief. The court in *B.A.L.* upheld the termination judgment and found the trial court did not err in failing to appoint a guardian ad litem at the motion for new trial as one was not requested. *Id.* at 831–32. In this case, the termination judgment includes the recitation that "the interests of the child have been and continue to be adequately represented by Petitioner (The Edna Gladney Home) and are not adverse to Petitioner...." Therefore, we find the court did not err in failing to appoint a guardian ad litem for the child and point of error four is overruled.

In point of error five, Ivy asserts the trial court erred in failing to consider the factors set out by the Supreme Court of Texas as determinative of the best interest of the child in termination cases. In *Holley v. Adams,* 544 S.W.2d 367 (Tex.1976), the court set forth the following nine factors which have been considered by courts in ascertaining the best interest of a child: (A) the desires of the child; (B) the emotional and physical needs of the child now and in the future; (C) the emotional and physical danger to the child now and in the future; (D) the parental abilities of the

individuals seeking custody; (E) the programs available to assist these individuals to promote the best interest of the child; (F) the plans for the child by these individuals; (G) the stability of the home or proposed placement; (H) the acts or omissions of the parents which may indicate that the existing parent-child relationship is not a proper one; and (I) any excuse for the acts or omissions of the parent. The court went further in the *Holley* case and concluded the list was not exhaustive but was indicative of a number of considerations which either have been or would appear pertinent to the best interest of a child. *See id.* at 372.

■ TEX.FAM.CODE ANN. sec. 15.02 (Vernon Supp.1990) allows a court to grant a petition for termination when the court finds one of the grounds listed and the termination is in the best interest of the child. This provision requires proof of both elements and the proof of the first does not excuse proof of the second. *Byrne,* 710 S.W.2d at 782. However, in *Brown,* 627 S.W.2d at 392, the court concluded it was the intent of the legislature to make an affidavit of relinquishment sufficient evidence on which the trial court could make a finding that termination was in the best interest of the child. In this case, we have an "Affidavit of Waiver of Interest in Child" signed by Ivy, and an "Affidavit of Relinquishment of Parental Rights" signed by the child's mother which were both admitted into evidence at the termination hearing. There is also evidence provided from a social worker at The Edna Gladney Home as well as from the mother herself that the best interest of the child was to terminate parental rights and place the child for adoption through The Edna Gladney Home.

There was no evidence presented at the termination hearing that termination of parental rights and adoption would not be in the best interest of the child. Furthermore, *Brown* holds in part that an "affidavit of relinquishment [is] sufficient evidence on which the trial court can make a finding that termination is in the best interest of the children." *Brown,* 627 S.W.2d at

394. Relying upon *Brown,* we hold that an affidavit of waiver of interest in child, in and of itself, is sufficient to find termination is in the best interest of the child. Therefore, the trial court did not err in failing to consider the factors set out in the *Holley* case and we overrule Ivy's fifth point of error.

■ In his last point of error, Ivy argues the trial court erred in denying him his right to procedural due process guaranteed under the fourteenth amendment of the U.S. Constitution and the Texas Constitution because the waiver of interest did not give him adequate notice of the proceedings. Procedural due process requirements of notice were addressed by the United States Supreme Court in *Lehr v. Robertson,* 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983). In that case, the Supreme Court held due process and equal protection clauses of the fourteenth amendment do not give an unmarried father an absolute right to notice and an opportunity to be heard before his child may be adopted, where the father has never had any significant custodial, personal, or financial relationship with the child. *Id.* Under TEX.FAM.CODE ANN. sec. 15.023 (Vernon Supp.1990), an alleged father or probable father is entitled to notice. However, he may waive that notice pursuant to TEX.FAM.CODE ANN. sec. 15.041 (Vernon Supp.1990) in an affidavit of waiver of interest in child containing a waiver of citation.

Ivy further asserts he misunderstood the action being pursued by The Edna Gladney Home because he thought it was an action that would find him not to be a parent as opposed to one finding he was a parent and then terminating his parental rights. As stated above, the "Affidavit of Waiver of Interest in Child" signed by Ivy contained the language in which he did not admit to being the child's father, he disclaimed any interest in the child, and stated he understood a lawsuit had been filed or would be filed by The Edna Gladney Home to terminate forever all legal relationships and rights which existed or may have existed between the child's mother and the father.

Furthermore, the termination judgment in fact ordered, adjudged and decreed that no legal parent-child relationship existed between any man and the child.

■ Finally, Ivy argues he did not voluntarily waive his rights and he was coerced or under duress to sign the waiver. We find no merit to this argument and since Ivy signed the "Affidavit of Waiver of Interest in Child" containing the waiver of citation, we find the trial court did not deny him his procedural due process rights as he had ample notice regarding the pending termination lawsuit. This point of error is overruled.

The judgment of the trial court is affirmed.