## In the Interest of BABY GIRL T.

### No. 2–94–282–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 3, 1995.

---

J. Rex Barnett and Lyn Milford, Fort Worth, for appellant.

Haynes and Boone, L.L.P. and Craig M. Price, Fort Worth, J. Anthony Michael, III, Fort Worth, for appellee.

Before CAYCE, C.J., and DAY and BRIGHAM, JJ.

## OPINION

DAY, Justice.

Tonya Tweedy appeals a decree of termination of her parental rights to Baby Girl T. (T.) after she placed T. for adoption with the Gladney Center and relinquished her parental rights. We affirm.

Tweedy lives in Indiana. During her pregnancy, she decided to place her child for adoption. She contacted the prospective adoptive parents in Texas, and they put Tweedy in contact with the Gladney Center in Fort Worth, Texas, the appellee in this case. Tweedy decided to place her baby for adoption through the Gladney Center.

On August 30, 1994, Tweedy gave birth to T. in Indiana. Steven Kirsh, an Indiana attorney retained by the Texas adoptive parents, arrived at the hospital two days after Tweedy gave birth to T. with documents prepared by the Gladney Center's attorney for Tweedy and David Everage, the purported father, to sign.[1] These documents included the Waiver of Notice and Consent by Biological Mother for Adoption of Her Minor Child, the Affidavit of Status of Child, the Affidavit of Relinquishment of Parental Rights, the Affidavit of Paternity, the Final Judgment, and the Affidavit of Waiver of Interest In Child. Tweedy signed these documents in front of two witnesses, and Kirsh, a notary public, acknowledged them.

The Gladney Center filed a petition in Texas to terminate Tweedy's parental rights. On September 6, 1994, the trial court terminated Tweedy's parental rights and appointed the Gladney Center as T.'s sole managing conservator.

On October 3, 1994, Tweedy filed a Motion for New Trial on Final Judgment of Termination of Parental Rights claiming that Kirsh was not qualified to acknowledge her affidavit relinquishing her parental rights because he represented the prospective adoptive parents. The trial court denied Tweedy's motion. Tweedy appeals this determination.

In Tweedy's sole point of error, she asserts the documents supporting and authorizing the final judgment terminating her parental rights are invalid because they were acknowledged by Kirsh, the attorney for the adoptive parents. She argues that Kirsh had a strong financial and/or beneficial interest in this adoption, and thus was disqualified from acknowledging the documents supporting termination based on the holding in *Terrell v. Chambers*, 630 S.W.2d 800, 802 (Tex.App.— Tyler 1982), *writ ref'd n.r.e. per curiam*, 639 S.W.2d 451 (Tex.1982).

In *Terrell*, the court of appeals voided the affidavit of relinquishment acknowledged by the attorney for the adoptive parents because it found the attorney had a strong financial

---

1. Everage waived any interest in T. and is not a     party to this appeal.

and beneficial interest in the affidavit. *Id.* at 802. The attorney, however, represented the adoptive parents at both the termination proceeding and on appeal, and he also served as the managing conservator of the child. *Id.* Although the Supreme Court of Texas refused writ on this case, it did state the following:

> We are not to be understood as approving the holding of the Court of Appeals that the affidavit of relinquishment was void because the attorney who acted as the notary to take the affidavits had a "strong financial and beneficial interest." Among other things, no financial interest appears in the record. The point is reserved.

*Chambers v. Terrell,* 639 S.W.2d 451, 452 (Tex.1982).

*Martin v. Mooney,* 695 S.W.2d 211 (Tex. App.—Austin 1985, no writ), also addressed the issue of the attorney for the adoptive parents acknowledging the documents supporting termination. In *Martin,* the court found the attorney for the adoptive parents was not disqualified from acknowledging the affidavit of relinquishment because he lacked a strong financial and beneficial interest. *Id.* at 213. The court based its holding on the fact that the attorney withdrew immediately upon learning of the potential conflict of interest, and did not handle the termination, adoption, or bill of review proceedings. *Id.*

Here, the Gladney Center petitioned the trial court to terminate Tweedy's parental rights and to be named as sole managing conservator of T. The adoptive parents were neither parties to the termination proceeding nor parties to this appeal. Kirsh did not represent either the Gladney Center or Tweedy in the termination proceeding, and he does not represent any party on appeal. Kirsh's only involvement in the termination proceeding was limited to acknowledging the documents supporting termination and serving as the guardian of T. Furthermore, no evidence exists in the record that the adoptive parents retained Kirsh to assist them in Texas with the adoption.

Based on these facts, the Supreme Court's language in *Chambers,* and the Austin Court of Appeals' holding in *Martin,* we find that Kirsh was not disqualified from acknowl-

edging the documents supporting termination. *See Chambers,* 639 S.W.2d at 452; *Martin,* 695 S.W.2d at 213. We overrule Tweedy's sole point of error.

We affirm the decree of termination.