**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff,**

v.

**SILICONIX INCORPORATED, et al., Defendants.**

**No. C–88–2488 EFL.**

United States District Court, N.D. California.

Nov. 30, 1989.

Norman J. Roger, Owen, Melbye & Rohlff, Redwood City, Cal., for plaintiff.

Richard E. Sherwood, David E. Killough, O'Melveny & Myers, Los Angeles, Cal., for defendant Intern. Rectifier Corp.

Larry D. Langley, Palo Alto, Cal., for defendant Hartford Fire Ins.

Guy O. Knorblum, Christina J. Imren, Michael A. Papuc, Kornblum & McBride, San Francisco, Cal., for defendant Siliconix, Inc.

## ORDER GRANTING SUMMARY JUDGMENT

LYNCH, District Judge.

### BACKGROUND

On September 29, 1989 the Court heard oral argument regarding plaintiff's motion for summary judgment on the issue of whether plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is still under a duty to provide representation for defendant Siliconix Incorporated ("Siliconix") in the action *International Rectifier Corporation vs. Siliconix Incorporated,* No. CV–86–4196 (WJR) (JRX) ("patent suit") in light of the Court's order dated June 6, 1989 granting partial summary judgment in its favor.[1] 729 F.Supp. 77.

After considering all of the briefs and the arguments advanced at the September 29 hearing, the Court announced from the bench its decision to grant summary judgment in favor of National Union in the present action, concluding that National Union is not under any obligation to continue to provide for Siliconix's representation in the patent suit based upon the claims

presently being asserted against Siliconix in that action. The Court took under submission Siliconix's motion to strike certain affidavits submitted with National Union's moving papers in the present summary judgment motion, desiring an opportunity to examine with more particularity the affidavits which Siliconix seeks to strike.

The Court now finds that Siliconix's motion shall be granted in part, and denied in part; this finding, however, for reasons explained below, does not affect the Court's original decision to grant summary judgment in favor of National Union. Accordingly, the Court also affirms its initial ruling of September 29, 1989 granting summary judgment in favor of National Union.

### DISCUSSION

In opposing plaintiff's motion for summary judgment, defendant Siliconix advances two contentions. First, Siliconix argues that National Union has waived its right to contest coverage, or was estopped to deny coverage, because National Union had never made a timely reservation of rights after initially agreeing to provide Siliconix with representation in the underlying patent suit. Second, Siliconix argues that the existence of potentially covered claims which could be asserted against Siliconix in the patent suit means that National Union is still under a duty to defend Siliconix.

Siliconix has also filed a motion to strike certain paragraphs from the declaration of Ramona Eiseman ("Eiseman declaration"), an affidavit filed by National Union in support of its motion for summary judgment. At the September 29, 1989 hearing, Siliconix further moved to strike the declaration of Scott Wood ("Wood declaration"), an affidavit which National Union had attached to its reply brief in support of its motion for summary judgment.

### I. *The Motions to Strike*

Eiseman and Wood were litigation specialists employed by American International Adjustment Company ("AIAC"), an in-

---

1. The June 6, 1989 order found that the only claim which International Rectifier Corporation ("IRC") asserted against Siliconix in the patent suit—infringement—was not covered by the general comprehensive liability insurance policies which National Union had issued to Siliconix.

surance adjusting company that National Union hired to process the claims filed by Siliconix for expenses incurred in defending itself in the patent suit while National Union had agreed to provide for Siliconix's representation. *See* Eiseman declaration, para. 1 (attached to National Union's Memorandum of Points and Authorities in Support of Motion for Summary Judgment, filed August 8, 1989); Wood declaration, para. 1 (attached to National Union's Reply Memorandum, filed September 29, 1989).[2] Siliconix has moved to strike paragraphs 2–5 from the Eiseman declaration (excepting lines 18–24 in para. 5)[3] and has moved to strike the entire Wood declaration.[4] Both motions to strike are based on the supposed failure of the declarations to comport with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure and Local Rule 220-7.[5]

**2.** Siliconix did not object to this portion of the Eiseman declaration. Siliconix is assumed to have not objected to the same portion in the Wood declaration. In any event, these would appear to be matters within Wood's personal knowledge, since Wood could competently testify about who employed him, and what he did for his employer. Furthermore, these statements are relevant. How National Union's agent, AIAC, processed claims arising from the patent suit may be relevant to whether National Union made a timely reservation of its right to challenge coverage at a future date, and if not, whether Siliconix suffered any prejudice by the way in which National Union provided for Siliconix's representation in the patent suit. Thus, these statements may be considered by this Court during a motion for summary judgment. *See* FED.R.CIV.P. 56(e); *see also* 10A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE & PROCEDURE §§ 2722, 2738 (2d ed. 1983).

**3.** The portions of the Eiseman declaration which Siliconix has moved to strike read as follows:

2. In my capacity as a litigation supervisor with AIAC, I am familiar with and am responsible for maintaining all documents and writings material to this suit.

3. Attached as Exhibit A to National Union's motion for summary judgment are true and correct copies of the comprehensive general liability policies issued be National Union to Siliconix, Policy Nos. GLW 9185428, GLA 9185250 and GLA 1168113 covering the period beginning on January 1, 1983 and ending on January 1, 1986.

4. On or about February, 1987, Siliconix tendered its defense in Action No. CV 86 4198 WJR

## A. The Eiseman Declaration

With respect to the Eiseman declaration, Siliconix contends that paragraph 2 is "conclusory and vague," that Eiseman's assertion in paragraph 4 that "National Union accepted the tender of defense subject to a full reservation of rights" is an inadmissible conclusion of law, and that her statement in paragraph 5 regarding the amount of funds which National Union expended in providing a defense to Siliconix is irrelevant and hearsay.

National Union responds by arguing that Siliconix has waived its objections to the Eiseman declaration by failing to object to its admissibility during a previous motion for summary judgment, that the Eiseman declaration is admissible because Ms. Eiseman declares that all of her statements are true and correct and based upon matters

(JRX) to National Union pursuant to the terms and conditions of the three aforementioned policies of comprehensive general liability insurance. National Union accepted the tender of defense subject to a full reservation of rights.

5. To date, National Union has expended approximately $737,825.00 in providing a defense to Siliconix in Action No. CV 86 4198 WJR (JRX) through attorneys selected by Siliconix.

**4.** The Court has already concluded that the first paragraph of the Wood declaration comports with the requirements of Rule 56(e). *See* footnote 2, *supra*.

The remaining portions of the Wood declaration concern: (i) Wood's authentication and description of copies of correspondence which AIAC either received or sent to various parties (*see* Wood declaration, paras. 3–7) and of copies of AIAC accounting statements showing what AIAC paid to these firms (para. 8); and (ii) Wood's statements that AIAC (on behalf of National Union) paid attorney's fees to the two law firms (para. 7) who defended Siliconix in the patent suit, that neither of these firms was selected by either National Union nor AIAC (paras. 9, 10) and neither appears on either National Union's nor AIAC's list of approved firms (para. 10), that these firms were both selected by Siliconix (para. 8), and that AIAC's and National Union's involvement in the patent suit has been limited to paying the attorney's fees generated in defending Siliconix (para. 11).

**5.** This rule states in the pertinent part that "[a]ffidavits ... shall contain only facts, shall conform to the requirements of Rule 56(e), ... and shall avoid conclusions and argument."

within her personal knowledge, and that whether National Union agreed to defend Siliconix under a reservation is a factual, not a legal, question.

■ The Court agrees with National Union that Siliconix failed to object to the Eiseman declaration when it was first presented, i.e., in National Union's Motion for Summary Judgment or Partial Summary Judgment filed in November 1988. The Court notes, however, that the rules do not prescribe a specific time period during which a party must move to strike an affidavit. Thus, deciding whether a party has timely objected or waived its right to object is ordinarily considered to be an issue left to the discretion of the trial court. *See* 10A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE, § 2738, at 508–09. The Court did not rely upon the Eiseman declaration in deciding to grant partial summary judgment in favor of National Union in the June 6, 1989 order, nor were the arguments of the parties focused upon it during prior hearings. Thus, it is understandable that Siliconix did not object to the Eiseman declaration's admissibility prior to the present hearing, as no one thought that this issue was particularly important; accordingly, the Court finds that Siliconix has not waived its right to object by failing to do so at the previous hearing.

■ As to the merits of Siliconix's contentions, the Court concludes that, but for one matter, the Eiseman declaration comports with the requirements of Rule 56(e) and Local Rule 220–7.

Eiseman's statement in paragraph 2 is clearly upon a matter within her personal knowledge. In the first paragraph, she states that she is the AIAC litigation supervisor. The beginning of paragraph 2—"In my capacity as a litigation supervisor"—clearly shows that the second paragraph is simply intended to be a description of part of her duties as a litigation supervisor.

Her statement that she is "familiar with and responsible for maintaining all documents and writings material to this suit" means nothing more than that during the performance of her duties, she has seen all of the original documents which AIAC possesses relating to the patent suit. Thus, Ms. Eiseman would be in a position to authenticate such documents if called as a witness at trial. Her statement is no more "vague and conclusory," as Siliconix alleges, than can be expected of any records custodian, or any other percipient witness.[6]

■ Likewise, the Court also finds that Ms. Eiseman's statement in paragraph 5 regarding the amount of money which National Union spent in providing Siliconix's defense to also be proper under Rule 56(e) and therefore denies Siliconix's motion to strike it. Ms. Eiseman asserts that all matters in her declaration are based upon matters within her personal knowledge. She also states that she is the litigation specialist assigned by AIAC to process Siliconix's claims arising out of the patent suit. This provides a sufficient foundation from which the Court may reasonably infer that she would be familiar with exactly how much money National Union paid in providing for Siliconix's defense in the patent suit.

Siliconix's objection to her statement about the quantity of these fees as hearsay (presumably because her knowledge may, in part, derive from examining payment receipts or the like) overlooks the fact that Ms. Eiseman could lay a sufficient foundation to have AIAC's business records (if such records are the basis of her knowledge) admitted under the business records exception, Fed.R.Evid. 803(6).

■ Siliconix also objects to paragraph 5 on the ground that it is irrelevant. The Court disagrees. The amount that National Union paid in providing Siliconix with legal representation in the patent suit is directly relevant to the issue of estoppel.

---

**6.** Her statement that she has seen all "documents *material* to this suit" might be construed to mean that she has seen all of the important documents, but not the unimportant ones. Thus, whether she can authenticate the documents attached as Exhibit A, for instance, might be open to question. Siliconix, however, did not argue this point and therefore the Court need not decide it.

The fact that National Union has paid Siliconix's legal fees and the amount expended on such fees in the patent suit both tend to show that Siliconix has not been prejudiced by National Union's assertion of a non-coverage defense in the present action.

■ The Court, however, agrees with Siliconix that Ms. Eiseman's statement in paragraph 5 that National Union accepted the tender of the patent suit "subject to a full reservation of rights" is inadmissible as a conclusion. Although the question of whether National Union mailed a letter purporting to be an acceptance under a reservation of rights is most certainly a factual one, whether National Union did, in fact, make a proper reservation of rights appears to be a mixed question of fact and law. The Court, for example, would need to know the exact language used in such a letter, when the letter was sent, the terms of the policies, and other facts before determining whether National Union had actually accepted a "tender of defense subject to a full reservation of rights." Since Ms. Eiseman could not testify to anything other than factual matters, her assertion in paragraph 5 is inadmissible under Rule 56 as an expression of a legal conclusion which she is not competent to make. Therefore, the Court does not consider it in deciding whether to grant National Union's motion for summary judgment.

### B. The Wood Declaration

Siliconix's motion to strike portions of the declaration of Scott Wood is hereby granted in part and denied in part.

■ Mr. Wood states that he succeeded Ms. Eiseman as the litigation specialist at AIAC assigned to process Siliconix's claims arising from the patent suit. *See* Wood declaration, paras. 1–2. This statement lays enough of a foundation for Mr. Wood to authenticate the various documents for which he serves as custodian (Exhibits G, H, I, J, K.) It also establishes enough of a foundation from which to infer that Mr. Wood has personal knowledge with respect to: the amount of money National Union expended in defense of Siliconix in the patent suit which was paid through AIAC;

how AIAC and National Union would select a law firm to represent a claimant such as Siliconix; and that AIAC and National Union did not (to the extent of Mr. Wood's knowledge) select any of the law firms which have represented Siliconix in the patent suit and did not participate in the conduct of Siliconix's defense nor in any settlement discussions arising in the patent suit.

■ The Court does agree with Siliconix that one portion of the Wood declaration does not comply with Rule 56(e). For the same reasons given in part I(A) with respect to the Eiseman declaration, the Court hereby strikes the portion of the Wood declaration in paragraph 5 in which Mr. Wood states "[i]n this letter, Mr. Pappas acknowledges that both National Union and Hartford were investigating Siliconix's claim under a reservation of rights." This statement is both argumentative and an expression of a legal conclusion. Thus, the Court does not consider it in deciding whether to grant National Union's motion for summary judgment.

## II. The Decision to Grant Summary Judgment in Favor of National Union

The Court's decision to grant summary judgment for National Union is in no way affected by the fact that certain portions of the Eiseman and Wood declarations have now been ordered stricken. For purposes of the summary judgment motion, this Court assumes that Siliconix is correct in asserting that National Union had not sent a letter to Siliconix reserving National Union's right to assert non-coverage under the advertising injury provision until May 26, 1988, some fifteen months after Siliconix had tendered its defense. *See* Siliconix's Exh. F in Opposition to Motion for Summary Judgment. With this assumption in mind, the Court's findings with respect to estoppel and National Union's duty to defend Siliconix will now be considered.

### A. Waiver and Estoppel

■ In granting summary judgment in favor of National Union, the Court rejects

as a matter of law Siliconix's defenses of waiver and estoppel.[7] The Court found at the hearing and still finds that there is no hint of evidence demonstrating either that National Union had intentionally relinquished its right to assert non-coverage or that Siliconix had been prejudiced as a result of National Union's fifteen month delay. *See Insurance Co. of the West v. Haralambos Beverage Co.*, 195 Cal.App.3d 1308, 1319–21, 241 Cal.Rptr. 427 (1987) (equating waiver with estoppel and defining "waiver" in the present context as either the knowing relinquishment of the insurer of its right to assert a non-coverage defense or the reliance by the insured to his injury on the insurer's failure to assert such a defense); *see also Miller v. Elite Insurance Co.*, 100 Cal.App.3d 739, 753–54, 161 Cal.Rptr. 322 (1980).

It is conceded that the affidavits and letters submitted by National Union do not establish that National Union had fully reserved its right to contest coverage when it accepted Siliconix's tender. The documents show that National Union was "investigating this claim under a reservation of rights"[8] or that, National Union may have had some "coverage questions" about whether it had to provide for Siliconix's defense.[9]

However, these documents also indicate that there is no genuine issue of disputed fact as to whether National Union had *intentionally* waived its right to contest whether the insurance policies require National Union to provide for Siliconix's defense in the patent suit. The letters and declarations show that National Union has

not *"intentionally"* relinquished this right by providing an *"unconditional* defense of an action brought against its insured." *Miller*, 100 Cal.App.3d, at 754, 161 Cal. Rptr. 322 (emphasis added).[10] And Siliconix has not come forward with any showing to contradict these documents. It is clear, then, that there is no triable issue of fact on Siliconix's waiver defense; National Union did not intend to waive any rights. Thus, Siliconix has failed to establish a defense of waiver sufficient to withstand National Union's motion for summary judgment.

█ As for Siliconix's estoppel defense, this also must fail. Siliconix has also not shown that any triable issue of fact exists with respect to whether it was prejudiced by National Union's delay in reserving its rights.

█ An insurer's delay in reserving its right to contest coverage is not ordinarily sufficient to establish prejudice to the insured. *See* 7C J. APPLEMAN, INSURANCE LAW AND PRACTICE, § 4693, pp. 320–27 (Bernal ed. 1979). Siliconix's showing to establish the prejudice component of an estoppel defense consists of the declaration of Dr. Richard Lee, president of Siliconix. This declaration states essentially that if Siliconix had known that National Union would eventually assert that the claims in the patent suit were not covered by the insurance policies, and then be successful in so asserting, Siliconix might have tried to settle the patent suit sooner, or sought help in financing its litigation. *See* Declaration of Richard Lee, filed September 18, 1989, paras. 15–16.

---

7. The Court treats waiver and estoppel as two separate issues, the former involving a unilateral, intentional relinquishment of a known right and the latter involving the detrimental reliance by one upon the course of conduct or representations of another. *See Intel Corp. v. Hartford Accident and Indemnity Co., et al.,* 692 F.Supp. 1171, 1179–81 (N.D.Cal.1988) (discussing waiver and estoppel under California law).

8. *See* plaintiff's Exh. H, May 8, 1987 letter of Argo Insurance Brokers to AIAC and Hartford Claims. This letter indicates that it was carbon copied to Richard A. Eggerth, who was acting as Siliconix's counsel in the patent suit. It also

indicates that there was some doubt in the author's mind as to whether National Union in fact sent a "reservation of rights letter" to Siliconix.

9. Plaintiff's Exh. J, October 10, 1987 letter of AIAC to Richard Eggerth.

10. Indeed, these letters indicate that because of "certain coverage questions," National Union agreed to let Siliconix select independent counsel, and to let such counsel freely conduct Siliconix's defense without interference from National Union.

Siliconix nowhere contradicts National Union's declarations and letters which show: (1) National Union has allowed Siliconix complete independence in selecting counsel to represent it in the patent suit; (2) National Union has allowed Siliconix's hand-picked counsel complete independence in conducting Siliconix's defense; and (3) National Union's involvement in the patent suit was limited to paying Siliconix's legal fees and other litigation expenses. *See* Wood declaration.

Siliconix's showing is therefore insufficient to demonstrate that a triable issue of fact remains with respect to its defense of estoppel. It has completely failed to demonstrate how an insured like itself, whose defense in the underlying suit is conducted by personally selected attorneys without interference or involvement by the insurer, can possibly be prejudiced when the insurer somewhat belatedly asserts and acts upon a reservation of the right to challenge certain coverage issues. *See* 7C J. APPLEMAN, *supra*, p. 328 (no prejudice where insured represented by his own attorney).

### B. Duty to Defend

█ The Court also notes that the stricken portions of the Wood and Eiseman declarations are likewise irrelevant to its conclusion that National Union was not under a duty to defend Siliconix.

Siliconix would have this Court find National Union under a continuing duty to defend Siliconix from claims which have not been asserted against it in the patent suit, and which are extremely unlikely to be asserted, simply because the Siliconix's hand-picked counsel declares that the nature and amount of damages in the underlying patent suit suggest that potentially covered claims might be asserted. *See* Declaration of William L. Anthony, paras. 13–14.[11]

The Court does not believe that *Gray v. Zurich Insurance Co.,* 65 Cal.2d 263, 54

Cal.Rptr. 104, 419 P.2d 168 (1966) nor any of the other cases cited by Siliconix can be read so far as to require an insurer to continue to defend an insured under the circumstances of the present case. Justice Tobriner's opinion was primarily concerned with redressing an inequity created by the unequal bargaining strength of the parties, i.e., an insurer's attempt to rely upon the vague exclusion language in a contract of adhesion in order to avoid having to defend an insured facing an imminent trial, contrary to the insured's reasonable expectations. *See Gray,* 65 Cal.2d at 269–70, 54 Cal.Rptr. 104, 419 P.2d 168. Here, such an inequitable situation is not present. Siliconix is not an unsophisticated consumer, but a large corporation. The Court has already found that the only claims which IRC has asserted against Siliconix in the patent suit are not covered by National Union's policies. Given that other claims are unlikely to be asserted, *see infra,* it is hardly contrary to Siliconix's reasonable expectations for National Union to request relief from an obligation to pay for Siliconix's continued legal representation in a suit which does not concern covered claims.

Furthermore, the claims which the trier of fact must consider in the patent suit do not suggest the existence of any potentially covered claims, a factor which further distinguishes *Gray* from the present action. There, although the insured was being used for assault—a claim not covered by his policy if proven—he asserted in his answer a defense of self-defense. *Id.* at 267, 54 Cal.Rptr. 104, 419 P.2d 168. Thus, the insurer knew of the existence of potentially covered claims—for negligent conduct, for example—and further knew that the validity of such claims would necessarily be decided by the trier of fact. Yet, the insurer, despite such facts indicating that potentially covered claims would be decided in the underlying suit, refused to provide

---

11. Of course, Siliconix's argument, if adopted, would virtually eliminate the ability of an insurer to be successful in a declaratory relief action in California, even where the known potential liabilities are obviously outside of a policy's coverage. An insured facing such an action would simply argue that the amount of damages (which are often unrealistically high) suggest that non-asserted claims that are within a policy's coverage will possibly be asserted against the insured, and therefore the insurer must continue to provide a defense.

272

the insured with a defense. *Id.* at 275–77, 54 Cal.Rptr. 104, 419 P.2d 168.

In contrast to *Gray,* neither the numerous complaints filed in the patent suit nor any of Siliconix's declarations filed in the present action indicate that potentially covered claims will be adjudicated in the patent suit.[12] IRC's complaint against Siliconix in the patent suit presently asserts a claim for infringement. It is the fourth such complaint. In none of the previous complaints which IRC has filed has it asserted any other type of claim. As of the date of the summary judgment hearing (September 29, 1989), the trial of the patent suit was to begin in less than a week. Thus, IRC seems unlikely to amend its complaint to include covered claims.[13]

Furthermore, although Siliconix's counsel in the patent suit may assert that potentially covered claims are suggested by the damages asserted in IRC's complaint, his self-serving legal opinion hardly constitutes a "fact" known to National Union which, under *Gray,* gives rise to a continuing duty to defend.

Accordingly, the Court disagrees with Siliconix's contention that *Gray* or the other cases which it has cited compel finding National Union to be under a duty to provide representation for Siliconix in the patent suit. The mere possibility that IRC might assert claims against Siliconix which are covered by Siliconix's insurance policies, at least where such a possibility is extremely remote and not suggested by either the complaint in the underlying action nor by facts known to the insurer and the insured, is not a sufficient ground upon which to deny National Union's motion for summary judgment.

The Court also raises *sua sponte* another concern with Siliconix's interpretation of *Gray* and similar cases: namely, the justici-ability of a doctrine which would require a court to decide whether non-asserted claims based upon unknown sets of "facts" are covered by an insurance policy. Both Siliconix and National Union have sought, through their briefs, to engage the Court in a debate about whether various claims (e.g., active inducement of patent infringement, intentional interference with prospective economic advantage) are potentially within the policies' scope. IRC has not attempted to assert any of these claims, and, of course, Siliconix has not sought to raise them in the patent suit. Yet, both parties have assumed that this Court can and should decide whether hypothetical claims, based upon hypothetical facts, are or are not covered by the policies at issue. The Court, bound by the constraints of Article III, declines the invitation to issue an advisory opinion. *See Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937) (a declaratory relief action "must be a real and substantial controversy admitting of specific relief ... as distinguished from an opinion advising what the law would be upon a hypothetical state of facts").

## CONCLUSION

For the reasons set forth above, the Court hereby grants in part and denies in part Siliconix's motion to strike, and grants summary judgment in favor of National Union.

IT IS SO ORDERED.

12. The Court hereby grants National Union's request that the Court take judicial notice of the four complaints filed in the patent suit. *See* FED.R.EVID. 201; *see also* 1 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE para. 201[03], p. 201–29 n. 28 (1988).

13. Even if IRC attempted to amend its complaint to assert additional claims, Siliconix could argue that it would be substantially preju-diced by such a late amendment. *See* FED.R. CIV.P. 15(a); *cf. Murphy v. White Hen Pantry Co.,* 691 F.2d 350, 353 (7th Cir.1982) (district court did not abuse its discretion in denying leave to amend complaint to include entirely new theory of liability six weeks before trial where such amendment would have required that discovery be reopened and that the trial be delayed).