**Willie RICHARDSON**

v.

**Bill OLDHAM, Sheriff of Harrison County; Harrison County, Texas; Thomas Harold, Deputy Sheriff, Harrison County Sheriff's Department; Rick Berry, District Attorney of Harrison County; and Other Unidentified Law Enforcement Officers.**

No. 2:91–CV–158.

United States District Court,
E.D. Texas,
Marshall Division.

Dec. 16, 1992.

Nelson W. Cameron, Shreveport, LA, for plaintiff.

James Scott Howard and Robert Scott Davis, Cowles & Thompson, Tyler, TX, for defendants.

## ORDER

HALL, District Judge.

CAME ON TO BE HEARD THIS DAY the following motions in the above entitled and numbered cause of action: Motion for Summary Judgment of Tommy E. Harrell, in his Individual and Official Capacity, Harrison County, and Rick Berry, in his Official Capacity; Defendants' Motion to Strike Plaintiffs' Summary Judgment Evidence; and Plaintiffs' Motion to Strike Defendants' Objection to and Motion to Strike Plaintiffs' Summary Judgment Evidence. After consideration of the motions and the responses thereto, the Court finds the following: Motion for Summary Judgment of Tommy E. Harrell, in his Individual and Official Capacity, Harrison County, and Rick Berry, in his Official Capacity is well taken; Defendants' Motion to Strike Plaintiffs' Summary Judgment Evidence is well taken in part; and Plaintiffs' Motion to Strike Defendants' Objection to and Motion to Strike Plaintiffs' Summary Judgment Evidence is not well taken.

## I. BACKGROUND

Plaintiffs Willie Richardson and Rose Jean Richardson bring this action pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiffs also bring pendent state claims.

Plaintiffs are husband and wife and reside at Route 3, Box 628 in Harrison County, Texas. Defendant Tommy Harrell is a law enforcement officer employed by the District Attorney of Harrison County and at all relevant times was acting under color of state law. Officer Harrell is sued in both his individual and official capacities. Defendant Rick Berry, the District Attorney of Harrison County, is sued in his official capacity only.

In order to obtain the warrant to search the Plaintiffs' home, on May 14, 1991, Officer Harrell presented to Judge Sandlin an affidavit containing information from a reliable confidential informant that a black female residing at Route 3, Box 628, Harrison County, Texas had been observed by the informant delivering an amount of marijuana to a third party. In the affidavit, Officer Harrell further stated that he had accompanied another informant to the residence and observed the female telling the informant that she would have no marijuana until the next morning. *See* Affidavit for Search and Arrest Warrant in Harrison County, Texas, attached to Defs.' Motion for Summ. J. as Ex. B.

Based on the information presented him, Judge Sandlin determined that probable cause existed and issued a search warrant authorizing Officer Harrell to search the premises described in the warrant, in part, as Route 3, Box 628, Harrison County, Texas, and more specifically described in the warrant as "a single family residence of wood frame construction ... being a light colored (off white) colored structure having double entry doors."

Plaintiffs contend that the description of the premises was so deficient that no reasonable person could have located the premises. Plaintiffs also contend that the search warrant was negligently and wrongfully executed for the following reasons: the entry was "forcible" and without announcement or presentation of the warrant; plaintiffs were "startled" and "embarrassed" when they were awakened in their bedroom; and Plaintiffs were "frightened by defendant agent" for approximately one hour after which time Plaintiffs were "told

that the wrong premises had been entered" and the officers left "without any further explanation or apology." First Am. Compl. at 4. In addition, Plaintiffs contend that Defendant Harrison County engaged in the custom and practice of allowing illegal search and seizure tactics. Plaintiffs also contend that District Attorney Berry improperly supervised and trained Officer Harrell. Finally, Plaintiffs assert the following pendent state claims: false arrest, wrongful search and seizure, illegal detention and intentional infliction of mental distress.

## II. SUMMARY JUDGMENT STANDARD

■ All Defendants move for summary judgment pursuant to Fed.R.Civ.P. 56. Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the motion is made and properly supported, an adverse party may not rest on allegations or denials but must set forth specific and supported material facts. Fed.R.Civ.P. 56(e). Therefore, the nonmovant must bring forth significant probative evidence to prevent summary judgment. *Union Planters Nat'l Leasing Inc. v. Woods*, 687 F.2d 117 (5th Cir.1982). To that end, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986).

■ When determining whether to grant summary judgment, the Court is merely determining whether a factual dispute exists, and is not required to resolve those disputes. *Jones v. Western Geophysical Co.*, 669 F.2d 280, 283 (5th Cir.1982). The fact that it appears to the Court that the nonmovant is unlikely to prevail at trial

or that the movant's statement of facts appears more plausible is not a valid reason to grant summary judgment. *Id.* at 283.

In a nonjury case, such as this particular case, there is no jury to whom factual disputes are submitted; the judge is the ultimate finder of fact. *In re Placid Oil Co.*, 932 F.2d 394, 397–398 (5th Cir. 1991). Therefore, at the summary judgment stage the judge has limited discretion to weigh the summary judgment evidence and to draw inferences unless those inferences involve issues of witness credibility or disputed material fact. *Id.*

Defendants seek summary judgment on each of Plaintiffs' claims set forth in part III, sections A through C below.

## III. DISCUSSION

The purpose of 42 U.S.C. § 1983 is to provide a federal remedy for deprivations of constitutional rights by authorizing suit against local public officials and governmental entities. *See Monroe v. Pape,* 365 U.S. 167, 174, 81 S.Ct. 473, 477, 5 L.Ed.2d 492 (1961). In order to state a claim under § 1983, the Plaintiffs must prove two elements: (1) deprivation of a federally protected right "secured by the "Constitution and the laws of the United States", and (2) state action taken under color of law. *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 930, 102 S.Ct. 2744, 2750, 73 L.Ed.2d 482 (1982) (quoting *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155–56, 98 S.Ct. 1729, 1732–33, 56 L.Ed.2d 185 (1978)).

Government officials performing discretionary functions are entitled to qualified immunity, shielding them from damages under § 1983, as long as their conduct could reasonably be thought consistent with the rights they are alleged to have violated. *Anderson v. Creighton,* 483 U.S. 635, 638–39, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). The standard for determining when an official protected by qualified immunity may be held personally liable for an allegedly unlawful action is whether the action was objectively reasonable. *Id.* (citing *Malley v. Briggs,* 475 U.S. 335, 343–44, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986)).

A heightened pleading requirement is imposed on a civil rights plaintiff suing a state actor in his individual capacity. *Elliott v. Perez,* 751 F.2d 1472, 1479 (5th Cir.1985). In order to satisfy the heightened pleading requirement and maintain a § 1983 action against an official who raises a qualified immunity defense, a complaint must allege with particularity all material facts establishing a plaintiff's right of recovery, including "detailed facts supporting the contention that [a] plea of immunity cannot be sustained." *Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit,* 954 F.2d 1054, 1055 (5th Cir.1992), *cert. granted,* — U.S. —, 112 S.Ct. 2989, 120 L.Ed.2d 867 (1992) (citing *Elliott,* 751 F.2d at 1482). Mere conclusory allegations are insufficient to meet this heightened pleading requirement. *Elliott,* 751 F.2d at 1479.

The Fifth Circuit has extended the scope of this heightened pleading requirement beyond suits against state actors in their individual capacities to include all § 1983 actions, including suits against state actors in their official capacity and suits against municipalities. *Leatherman,* 954 F.2d at 1057–58.

### A. Officer Tommy Harrell in his Individual Capacity

Officer Harrell asserts that he is entitled to summary judgment on Plaintiffs' claims asserted against him in his individual capacity based on the doctrine of qualified immunity.

In Plaintiffs' "First Amending Complaint" [1], Plaintiffs allege illegal search and seizure and false arrest. First Am. Compl. at 3. Specifically, Plaintiffs allege that "the description of the premises was so deficient that no reasonable person could have located the premises." They further contend that the search warrant was "neg-

---

1. Plaintiffs styled this pleading a "First Amending Complaint" rather than a "First Amended Complaint."

ligently and wrongfully executed at plaintiff's residence ... by Agent Tommy Harrell...." In Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, Plaintiffs, for the first time, assert that the allegations in Officer Harrell's affidavit were false. Pls.' Mem. Opp'n to Summ. J. at 4.

As to Plaintiffs' illegal search and seizure claims, the Richardsons' complaint states that Agent Tommy Harrell and two unnamed Harrison County Sheriff's deputies forcibly entered and searched Plaintiffs' residence without announcing themselves or their reason for being there. Plaintiffs contend that they were awakened by loud noises and were embarrassed to arise from bed in the presence of the officers. Plaintiffs then claim that they were "frightened by defendant agent" for "about 60 minutes" and then the officers left without explanation. First Am. Compl. at 4. Plaintiffs state that no charges were filed against them, nor were any arrests made or any evidence of any crime found as a result of the search of their residence. Pls.' Mem. Opp'n Summ. J. at 3–4.

In Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment, Plaintiffs for the first time allege that their cause of action rests upon the negligent execution of a search warrant which contained false allegations in the affidavit sworn to by Officer Harrell. *Id.*

In order to overcome Officer Harrell's qualified immunity defense, Plaintiffs must allege specific facts to support their allegations of illegal search and seizure, false arrest and negligent execution of a search warrant. *Elliott,* 751 F.2d at 1472. Based on the standard of objective reasonableness articulated above, a police officer applying for a warrant is immune under the doctrine of qualified immunity unless a reasonably well-trained officer, in that officer's position, would have known that probable cause did not exist and that he should not have applied for the warrant.

*Malley v. Briggs,* 475 U.S. 335, 345–46, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986). *See also Streetman v. Jordan,* 918 F.2d 555 (5th Cir.1990). Furthermore, there is no cause of action for false arrest under § 1983 unless the arresting officer lacked probable cause. *Fields v. City of South Houston,* 922 F.2d 1183, 1189 (5th Cir. 1991).

The only allegation that Plaintiffs make to dispute that Officer Harrell had probable cause to search their home is that Officer Harrell made false statements in the warrant affidavit.[2] Plaintiffs must make a "substantial preliminary showing" that Officer Harrell made false statements in the warrant affidavit in knowing or reckless disregard of the truth. *Perlman v. City of Chicago,* 801 F.2d 262, 264 (7th Cir.1986), *cert. denied,* 480 U.S. 906, 107 S.Ct. 1349, 94 L.Ed.2d 520 (1987) (citing *Krohn v. United States,* 742 F.2d 24, 31 (1st Cir.1984)). However, Plaintiffs articulate no more than the bald assertion that Officer Harrell made false statements. Plaintiffs are unable to present sufficient evidence that Officer Harrell lacked probable cause to search their residence.

Plaintiffs have failed to state the requisite specific facts to support their allegations of illegal search and seizure, false arrest, negligent execution of a search warrant and false allegations in a warrant affidavit. Furthermore, Plaintiffs have failed to allege facts which would overcome Officer Harrell's qualified immunity defense. Plaintiffs' conclusory allegations fail to satisfy the heightened pleading requirement of *Elliott v. Perez* and are insufficient to overcome Officer Harrell's motion for summary judgment.

### B. Harrison County and Tommy Harrell and Rick Berry in their Official Capacities

Harrison County and Officer Harrell, in his official capacity, and District Attorney Berry, in his official capacity, seek sum-

---

**2.** In Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment, Plaintiffs state "[Although not alleged in the Complaint, it becomes readily apparent that the plaintiffs are asserting that the allegations in Harrell's affidavit are false ...]." Plaintiffs do not elaborate on their assertion. Pls.' Mem. in Opp'n to Summ. J. at 4.

mary judgment on the ground that no custom or policy of illegal searches exists in Harrison County.

 When the execution of a government's policy or custom deprives or violates the constitutional rights complained of by a plaintiff, the governmental entity may be responsible for the injury under § 1983. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The concept of municipal liability articulated in *Monell* applies to county governments and other local government units as well as to suits against county officials in their official capacity. *Id.* at 690 n. 55, 98 S.Ct. at 2035 n. 55.

The Fifth Circuit has defined "official policy" as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Bennett v. City of Slidell,* 735 F.2d 861, 862 (5th Cir.1984) (en banc), *cert. denied,* 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985). *See also Johnson v. Moore,* 958 F.2d 92, 94 (5th Cir.1992).

 Liability under § 1983 only attaches where "the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris,* 489 U.S.

378, 385, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989) (emphasis in original). A municipal "policy" must be a deliberate and conscious choice by a municipal policymaker. *City of Canton,* 489 U.S. at 389, 109 S.Ct. at 1205.

Plaintiffs assert that Harrison County, Tommy Harrell, in his official capacity, and Rick Berry, in his official capacity, are liable based on the existence of a custom or policy of conducting unlawful searches. Plaintiffs also assert that Rick Berry, in his official capacity, failed to train Tommy Harrell.

 Plaintiffs must plead specific facts with sufficient particularity to meet all the elements of recovery. *Elliott,* 751 F.2d at 1482. This heightened pleading requirement applies to allegations of municipal custom or policy. *Fraire v. City of Arlington,* 957 F.2d 1268, 1278 (5th Cir. 1992), *cert. denied,* — U.S. —, 113 S.Ct. 462, 121 L.Ed.2d 371 (1992); *Leatherman,* 954 F.2d at 1057. To demonstrate a municipal custom or policy, a § 1983 plaintiff must identify "(1) a policy (2) of the city's policymaker (3) that caused (4) the plaintiff to be subjected to a deprivation of constitutional right." *Palmer v. City of San Antonio,* 810 F.2d 514, 516 (5th Cir.1987).

 Plaintiffs attempt to support their claims of custom or policy through the use of several affidavits and other evidence attached to Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment. Plaintiffs' affidavits are the subject of Defendants' Motion to Strike which the Court will now address.[3]

### 1. Defendants' Motion to Strike

 Fed.R.Civ.P. 56(e) requires that affidavits be made on personal knowledge, and that they set out only facts that would be admissible in evidence. Those portions

---

**3.** Plaintiffs oppose Defendants' Motion to Strike on the ground that it was not timely filed. Deciding whether a party has timely objected or waived its right to object is ordinarily considered to be an issue left to the discretion of the trial court. *Nat'l Union Fire Ins. Co. v. Siliconix Inc.,* 726 F.Supp. 264, 268 (N.D.Cal.1989) (citing 10A Charles A. Wright, Arthur R. Miller & Mary

K. Kane, Federal Practice and Procedure § 2738 at 508–509 (1983)). Therefore, the Court in its discretion will consider Defendants' Motion to Strike just as the Court will consider Plaintiffs' Response to Defendants' Motion for Summary Judgment which Plaintiffs filed five days after the expiration of the deadline for filing their response.

of affidavits that do not comply with these requirements are entitled to no weight. *Williamson v. U.S. Dept. of Agriculture,* 815 F.2d 368 (5th Cir.1987) (citing *Pan-Islamic Trade Corp. v. Exxon,* 632 F.2d 539, 556 (5th Cir.1980), *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 236 (1981)).

 Defendants seek to strike the affidavits of Plaintiffs and Rick Turner because they are notarized by Plaintiffs' counsel. Texas law clearly establishes that affidavits notarized by counsel are void in criminal cases. *Drummond v. State,* 675 S.W.2d 545, 546 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd) (citing *Ex parte Scott,* 133 Tex. 1, 123 S.W.2d 306 (1939)). However, in civil cases, Texas law holds that affidavits notarized by counsel are void only if counsel has a financial or beneficial interest in the lawsuit. *Chambers v. Terrell,* 639 S.W.2d 451 (Tex.1982) (construed in *Martin v. Mooney,* 695 S.W.2d 211, 213 (Tex.App.—Austin 1985, n.w.h.)). Although § 1983 provides for the award of attorney's fees to prevailing plaintiffs and thereby may vest Plaintiffs' counsel with a financial stake in the outcome of this case, Plaintiffs have cured this particular defect in their own affidavit and the affidavit of Rick Turner by submitting additional affidavits notarized by a disinterested notary.

 Defendants alternatively move to strike Plaintiffs' affidavit on the ground that it is not based on personal knowledge. Plaintiffs' corrected affidavit partially cured this defect with the addition of the statement that the affidavit was based upon their personal knowledge. However, the Court finds that the statement in paragraph VI that "Tommy Harrell used unreasonable methods to search their home" is conclusory and makes a legal conclusion and will be stricken. *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992) ("Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment."); *Hanchey v. En-*

*ergas Co.,* 925 F.2d 96, 97 (5th Cir.1990) ("Legal conclusions and general allegations do not satisfy this burden."). Furthermore, the Court finds that the statement in paragraph VII which reads "Based on information and belief, in June 1991, a neighbor's home on their road was searched by Tommy Harrell where marijuana was found" is not based on personal knowledge and will be stricken. A statement based on information and belief does not satisfy the requirements of Rule 56(e). *Lester v. City of Rosedale,* 757 F.Supp. 741, 744 n. 10 (N.D.Miss.1991).

Defendants attack the affidavit of Willie James Jones because the affidavit fails to aver that the statements contained in the affidavit are based upon the personal knowledge of the affiant. In opposition, Plaintiffs cite *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77 (5th Cir.1987), for the proposition that the personal knowledge of the affiant is not necessary if the contents of the affidavit reasonably appear to be based on personal knowledge taking the record as a whole.

Although *Lodge Hall* actually states, "so long as the record, taken as a whole, demonstrates that the [nonmovants'] testimony *meets the requirements of Rule 56,* it is properly before the Court and should be considered on a summary judgment motion," *Id.* at 80, it has been interpreted to mean that a rote recitation of the personal knowledge standard is not necessary if the affidavit shows that it is based on personal knowledge. *Brueggemeyer v. American Broadcasting Cos.,* 684 F.Supp. 452 (N.D.Tex.1988). Therefore, this Court does not require each affidavit to recite that it is based on personal knowledge; however, the Court does require that the affidavit when taken as a whole demonstrate that it actually is based on the personal knowledge of the affiant.

 After examination of the affidavit of Willie James Jones, the Court finds several defects in the affidavit. First, Jones claims in paragraph III that during the "spring/summer ... of 1991" Officer Harrell searched his residence without a search warrant. Jones further claims that he was

arrested and charged with a crime as a result of the alleged search. Jones' inability to specify the season in which the alleged warrantless search occurred, not to mention the month and day on which the search occurred, is surprising in light of the fact that Jones admits he was arrested and charged with the possession of "6 or 7 marijuana cigarettes" as a result of the search. Therefore, paragraph III shall be stricken because it fails to state facts with sufficient specificity.

Paragraph IV of Jones' affidavit states the following: "Appearers, due to knowledge in the community, believes that Tommy Harrell uses illegal searches in a misguided effort to discourage illegal drug activity." This identical paragraph also appears in the affidavits of Paul Gatson, John Johnson, Rosa Washington and Odell Beckham, Sr. Clearly, this paragraph is not based on the personal knowledge of the affiants. Therefore, paragraph IV of each of the aforementioned affidavits shall be stricken.

In addition to attacking the affidavit of Rick Turner because it was notarized by Plaintiffs' attorney, Defendants make several other objections to Turner's affidavit. Turner, a professional investigator with over ten years of law enforcement experience, opines in his affidavit that there is a "widespread and prevailing custom or practice or attitude by Tommy Harrell that civil rights violations are standard operating procedure." According to Turner, his investigation consisted of reviewing Officer Harrell's reported arrests from January 1988 through June 1991. He states that he or one of his employees contacted four of the sixty-four persons who had been arrested by Officer Harrell and that "four of these persons were found to have suffered a severe constitutional right violation at the hands of Tommy Harrell."

Mr. Turner fails to state any specific facts concerning these four persons or the constitutional violations which they are alleged to have suffered. In considering a Rule 56(c) motion opposed by expert testimony, the trial court has broad discretion to rule on the admissibility of the expert's evidence and its ruling must be sustained unless manifestly erroneous. *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1123 (5th Cir.1988). The district court may inquire into the reliability and foundation of any expert's opinion to determine its admissibility. *Id.* As previously stated, Mr. Turner has failed to support his opinion with specific facts; therefore, the Court finds that this evidence is unreliable and lacks foundation and that it should be stricken in its entirety.

Defendants object to the Affidavit of Paul W. Gatson on several grounds. For reasons previously discussed in this order, the Court struck paragraph IV.

The Court finds merit in Defendants' objection to the portion of paragraph III of the affidavit of Gatson wherein Mr. Gatson states that his residence was searched without a warrant and that he was not arrested nor charged with any crime as a result of the search. Contrary to Mr. Gatson's, Defendants produced properly authenticated copies of the documents from criminal action number 90–0176 styled "The State of Texas v. Paul W. Gatson" including the jury verdict form in which a jury found Mr. Gatson guilty of possession of a controlled substance and the search warrant authorizing a search of Mr. Gatson's residence. The Court shall, therefore, strike paragraph III of Mr. Gatson's affidavit.

Defendants object to the Affidavit of John Johnson. The Court struck paragraph IV for reasons previously discussed. The Court also finds paragraph III defective because it lacks the requisite specificity, makes legal conclusions and contains unauthenticated corrections and mark-outs. In paragraph III, Mr. Johnson states that "On or about the spring/summer, of 1991, Tommy Harrell searched his residence without a search warrant and without the appearer's consent ... At the time of the illegal search, appearer's address was Burnett Motel (mark-outs) 205 Pinecrest Marshall, Texas." Mr. Johnson fails to indicate

the date of the alleged search with the necessary specificity. He makes an inadmissible conclusion that the search was "illegal." Finally, the address originally written in the blank is marked out and the Burnett Motel address is written in; there are no initials or other indications that the affiant made the correction. Based on the foregoing reasons, the Court shall strike paragraph III of John Johnson's affidavit.

■ Defendants next object to the Affidavit of Betsy Wright on the grounds that it is not signed nor notarized. The Court notes that the original affidavit on file with the Court is signed by the affiant and notarized by the Plaintiffs' attorney. An affidavit notarized by counsel is void if counsel has a financial interest in the outcome of a lawsuit. *Chambers*, 639 S.W.2d at 451. Since § 1983 provides that counsel will recover attorney's fees if Plaintiffs prevail, the Court finds that counsel has a financial interest in the lawsuit. Therefore, the Affidavit of Betsy Wright is void and shall be disregarded by the Court.

■ Defendants object to the Affidavits of Odell Beckham, Sr. Plaintiffs filed two affidavits purporting to be the affidavits of Odell Beckham, Sr. The first affidavit, labeled Exhibit H–1 and attached to Plaintiffs' Memorandum in Opposition, does not contain a date on which Officer Harrell is alleged to have searched the affiant's home. Due to the lack of required specificity, the Court strikes paragraph III of Exhibit H–1. The Court also strikes paragraph IV for reasons previously discussed.

As to the second Affidavit of Odell Beckham, Sr., which is labeled Exhibit H–2, the Court finds that it is notarized by Plaintiffs' counsel and is, therefore, void. Thus, Exhibit H–2 shall be stricken in its entirety.

■ Defendants next attack the Affidavit of Debra Geary and the Affidavit of Alan Geary, her husband. Defendants also object to the various documents including medical records and photographs attached to the Geary's affidavits. Mr. and Mrs. Geary relate similar stories in their affidavits about a black police officer who stopped them in June 1990 as they were driving to their motel room in Marshall, Texas. The officer allegedly beat them without provocation and then arrested them. Nowhere in either affidavit does Mr. or Mrs. Geary identify the police officer as Tommy Harrell. The affidavits fail to state facts with the required specificity; therefore, the Court shall strike the Affidavits of Debra Geary and Alan Geary in their entirety.

■ The Court shall also strike the documents attached to the Gearys' affidavits. These documents include unauthenticated medical reports containing hearsay material, unauthenticated police records and unauthenticated photographs of the injuries the Gearys allegedly received from the unidentified police officer. Unauthenticated documents are not the kind of evidence described in Rules 56(c) and 56(e), and it is, therefore, not the district court's duty to examine whether and how the evidence might be reduced to acceptable form by the time of trial. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191–192 (5th Cir.1991) (unauthenticated letter from non-movant's expert insufficient to overcome summary judgment).

Finally, the Court addresses the Affidavit of Rosa Washington. As already discussed, the Court shall disregard paragraph IV of Ms. Washington's affidavit because it is not based on personal knowledge. Furthermore, the Court shall disregard paragraph III of the affidavit as it contains numerous unauthenticated markouts, corrections and additional pages which contain no indication that these changes were made by the affiant.

The Court's rulings on the Defendants' Motion to Strike leave the Court with very little summary judgment evidence to consider in opposition to Defendants' Motion for Summary Judgment.

### 2. Claims Against Harrison County

■ The Court finds that Plaintiffs have failed to respond to Defendant Harrison County's Motion for Summary Judgment as is their duty under Fed.R.Civ.P. 56(e) which reads in pertinent part: "If the adverse party does not so respond, sum-

mary judgment, if appropriate, shall be entered against the adverse party." However, the Court will not enter summary judgment simply because there is no opposition. Rather the Court will grant summary judgment only if the movants meet their burden of establishing the absence of a genuine issue of material fact. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985).

 In reviewing all of the papers on file in this case and drawing all inferences most favorable to the Plaintiffs as the Court is required to do in resolving a motion for summary judgment, the Court concludes that the record discloses that there are no genuine issues of material fact as to Plaintiffs' claim that Defendant Harrison County instituted and maintained a policy of illegal searches and seizures without disciplinary measures. Therefore, summary judgment is appropriate with respect to Plaintiffs' claims against Harrison County.

### 3. Claims Against Harrell, in his Official Capacity

 With regard to the claims against Officer Harrell in his official capacity, Plaintiff must demonstrate that Officer Harrell was a policymaker who made a deliberate choice to implement a policy of illegal searches and seizures which deprived Plaintiffs of constitutional rights.

Based on the evidence before the Court, the Court finds that the Plaintiffs have failed to carry their heightened pleading burden to establish either that Officer Harrell was a policymaker or that Officer Harrell implemented any unconstitutional policies.

Therefore, in reviewing all of the papers on file in this case and drawing all inferences most favorable to the Plaintiffs as the Court is required to do in resolving a motion for summary judgment, the Court concludes that the record discloses that there are no genuine issues of material fact as to Plaintiffs' claim that Defendant Tommy Harrell instituted and maintained a policy of illegal searches and seizures. There-

fore, summary judgment is appropriate with respect to Plaintiffs' claims against Tommy Harrell in his official capacity.

### 4. Claims Against Berry, in his Official Capacity

 . Plaintiffs also assert a cause of action against District Attorney Berry in his official capacity for failure to train and supervise Officer Harrell. First Am. Compl. at 5. In order to prove municipal liability under § 1983 for inadequate training policies, plaintiffs must show that: (1) the training procedures were inadequate; (2) the municipality's policymaker was deliberately indifferent in adopting the training policy; and (3) the inadequate training policy directly caused plaintiff's injury. *Benavides v. County of Wilson*, 955 F.2d 968, 972 (5th Cir.1992). *See City of Canton*, 489 U.S. at 378, 109 S.Ct. at 1203.

Officer Harrell provided a lengthy list of the training he has received from 1988 to the present. *See* Aff. of Tommy Earl Harrell at 4–9. Included in this list are several courses on search warrant preparation and execution. Plaintiffs have failed to prove that the training policies were inadequate. Nor have they proven that even if the policies were inadequate, such policies caused Plaintiffs' injury. Indeed, Plaintiffs are unable to prove a policy of illegal searches and seizures.

Based on the evidence before the Court, the Court finds that the Plaintiffs have failed to carry their heightened pleading burden to establish either that District Attorney Berry failed to train or supervise Officer Harrell.

Therefore, in reviewing all of the papers on file in this case and drawing all inferences most favorable to the Plaintiffs as the Court is required to do in resolving a motion for summary judgment, the Court concludes that the record discloses that there are no genuine issues of material fact as to Plaintiffs' claim that Rick Berry failed to train or supervise Officer Harrell and that such failures caused injury to Plaintiffs. Therefore, summary judgment is appropri-

ate with respect to Plaintiffs' claims against Rick Berry in his official capacity.

### C. State Law Claims

Defendants seek summary judgment of Plaintiffs' state law causes of action on the grounds that Plaintiffs have failed to assert any cognizable claims under state law. In the "First Amending Complaint," Plaintiffs assert the following state law causes of action: false arrest, wrongful search and seizure, illegal detention and intentional infliction of mental distress. First Am. Compl. at 4–5.

■ There is no Texas law counterpart to § 1983, and there is no cognizable state law action for violation of rights guaranteed under the Texas Constitution. *Bagg v. Univ. of Tex. Medical Branch of Galveston*, 726 S.W.2d 582, 584 n. 1 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.).

■ Moreover, under Texas common law, it is a complete defense to a common law false arrest action if the officers executed lawful process issued by a court of competent jurisdiction. *Sanchez v. Garza*, 581 S.W.2d 258, 259–60 (Tex.Civ.App.—Corpus Christi 1979, no writ). The facially valid warrant issued to Officer Harrell provides a complete defense to the common law claim of false imprisonment.

■ As to Plaintiffs' claim for negligent infliction of mental distress, Plaintiffs must plead and prove that Defendants' conduct was extreme and outrageous. *Havens v. Tomball Community Hosp.*, 793 S.W.2d 690, 692 (Tex.Civ.App.—Houston [1st Dist.] 1990, writ denied). Plaintiffs have not made such allegations, nor have they pled specific facts to support such allegations.

Furthermore, Plaintiffs have altogether failed to respond to Defendants' Motion for Summary Judgment of the state law claims as they are required to do under Fed. R.Civ.P. 56(e).

In reviewing all of the papers on file in this case, the Court concludes that the record discloses that there are no genuine issues of material fact as to Plaintiffs' state law claims. Therefore, summary judgment is appropriate with respect to Plaintiffs' state law claims against all Defendants.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment of Tommy E. Harrell, in his Individual Capacity and Official Capacity, Harrison County, and Rick Berry, in his Official Capacity is hereby GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Strike Plaintiffs' Summary Judgment Evidence is hereby GRANTED to the extent discussed in part III, section B(1) above.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike Defendants' Objection to and Motion to Strike Plaintiffs' Summary Judgment Evidence is hereby DENIED.