Jose Guadalupe V. SANCHEZ, Appellant,

v.

Ray GARZA et al., Appellees.

No. 1401.

Court of Civil Appeals of Texas,
Corpus Christi.

April 26, 1979.

Rehearing Denied May 17, 1979.

Polk Hornaday, Harlingen, for appellant.

Randy W. Friebele, Asst. Dist. Atty., Brownsville, for appellees.

OPINION

NYE, Chief Justice.

The plaintiff filed suit against the sheriff and two Cameron County deputies alleging unlawful arrest and imprisonment. The defendants filed their motion for summary judgment which was granted by the trial court. Plaintiff appeals.

The record shows that plaintiff Jose Guadalupe V. Sanchez was arrested for a criminal offense of driving under the influence of intoxicating liquor. On March 24, 1976, he entered a plea of guilty and was sentenced to ten days in jail, assessed a fine of $100 and costs. The jail sentence was probated for six months. As a condition of such probation, the plaintiff was ordered to pay the $100 fine not later than June 15, 1976. The evidence shows that the plaintiff paid the costs ($40) on March 24, 1976; paid $50 on the fine on May 19, 1976; and paid an additional $50 on June 3, 1976.

The summary judgment evidence indicates that on August 16, 1976, the criminal district attorney of Cameron County filed a motion to revoke Sanchez' probated sentence. As grounds for such revocation, the motion stated that Sanchez had failed to pay the fine as ordered by the court. Thereafter on the same day, the Honorable Robert Hernandez, Judge of the County Court at Law of Cameron County, entered

an order setting a hearing on the State's motion to revoke the probated sentence. The County Court at Law Judge ordered the county clerk of his court to issue a capias commanding the sheriff to arrest Sanchez.

Pursuant to Judge Hernandez' order, the clerk of the County Court at Law issued the capias directing the sheriff of Cameron County to arrest Sanchez instanter. The sheriff by and through his deputy sheriffs, Ray Garza and Randy Ramirez (all defendants in this lawsuit), did, on the 29th day of August, execute the capias by arresting Sanchez and transporting him to the county jail in Brownsville. Judge Hernandez' order setting the hearing and ordering the arrest of Sanchez set an appearance bond in the amount of $1,000.

Plaintiff's suit alleges that when defendants, deputy sheriffs Garza and Ramirez, appeared at his home to arrest him, he protested the arrest and produced the receipts showing that he had previously paid his fine. The deputy sheriffs arrested Sanchez anyway and took him to the county jail where he later posted the $1,000 bond.

Sanchez appeals contending, in effect, that the trial court erred in granting the motion for summary judgment because the defendants (sheriff and deputy sheriffs) were liable to this plaintiff, and there were fact issues necessitating a trial on the merits.

■ Rule 166–A, T.R.C.P., permits the granting of a summary judgment for a defending party against whom a claim is asserted if the pleadings, answers and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A defendant who seeks a summary judgment on the theory that the plaintiff's suit is without merit has the burden of establishing as a matter of law that there is no genuine issue of fact as to at least one essential element of plaintiff's cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.Sup.1970); *"Moore" Burger, Inc. v. Phillips Petroleum Company,* 492 S.W.2d 934 (Tex.Sup.1972).

The plaintiff (non-moving party) did not file any affidavits and his answer to the motion was not sworn to. In such a situation, the non-movant has no burden in response to a summary judgment motion unless, as here, the movant has conclusively established his defense. *Oram v. General American Oil Company of Texas,* 513 S.W.2d 533 (Tex.Sup.1974).

■ The basic civil liability for false arrest or imprisonment is the wrongful interference with a person's freedom. Generally, the essential elements are: 1) a willful detention of the person; 2) against the consent of the party detained; and 3) a detention without authority of law. 25 Tex. Jur.2d, § 17, p. 250; *Tandy Corporation v. McGregor,* 527 S.W.2d 246 (Tex.Civ.App.— Texarkana 1975, writ ref'd n. r. e.); *J. C. Penney Company v. Duran,* 479 S.W.2d 374 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.).

■ It is a complete defense to an action for false arrest or imprisonment that the arrest or detention was executed by virtue of a process legally sufficient in form and duly issued by a court having jurisdiction to issue it. 35 C.J.S. False Imprisonment § 27, p. 660; *Tandy Corporation v. McGregor,* supra. The summary judgment evidence shows that attached to defendant's motion was an affidavit by deputy sheriff Garza which stated in part:

"On the 17th day of August, 1976, the Sheriff of Cameron County, Texas, received a Capias of Arrest, a certified copy of which is attached and made a part hereof, issued out of the County Court at Law of Cameron County, Texas. In persuance of this Capias, Sheriff's Deputies Ray Garza and Randy Ramirez arrested Jose Guadalupe Vasquez Sanchez in Harlingen on the 29th day of August, 1976, and transported him to the Cameron County Jail in Brownsville, Texas where, on the 29th day of August, 1976, the said Jose Guadalupe Vasquez Sanchez was released after posting a $1,000.00 bond."

Attached as stated was: a copy of the State's motion (by the criminal district at-

torney) to revoke Sanchez' probated sentence; the order setting the hearing, ordering the arrest and setting bond, all signed by the County Court at Law Judge, Robert Hernandez; and the certified copy of the capias for arrest "directed to any sheriff in the State of Texas commanding the arrest of Jose Guadalupe Vasquez Sanchez" which was filed by the clerk of the County Court at Law of Cameron County, Texas.

■ We hold that the above summary judgment evidence authorized the trial court to grant the summary judgment because such evidence shows, as a matter of law, that the arrest and detention of the plaintiff was accomplished by virtue of a legally sufficient process issued by a judicial officer of this State. It was never the defendants' (sheriff and deputies) responsibility to determine whether or not the County Court at Law Judge's order was wrongfully issued. See: 25 Tex.Jur.2d, § 26, pp. 260–261.

We have considered all of appellant's points of error and they are overruled. The judgment of the trial court is AFFIRMED.