CV3-375 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00375-CV







Kirk Wayne McBride, Appellant



v.



Crime Stoppers, City of New Braunfels, Rudy Rubio and Dennis Koepp, Appellees








FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. C93-233C, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING








PER CURIAM


 Kirk Wayne McBride sued Crime Stoppers, the City of New Braunfels (the City), Parus
Dudley, the City of Garden Ridge, Rudy Rubio, and Dennis Koepp on multiple causes of action. 
This appeal arises after a severance resulted in a final judgment that (1) granted a plea to the
jurisdiction on behalf of the City and Crime Stoppers, and (2) granted a summary judgment on
behalf of Rubio and Koepp. (1) We will affirm the trial court's judgment.

 Appellant brings eight points of error, contending that the trial court erred in: (1) granting
summary judgment for Rubio and Koepp after its order denying appellant's motion for summary
judgment found disputed material fact issues existed; (2) granting the plea to the jurisdiction and
special exceptions of the City and Crime Stoppers; (3) failing to act on appellant's formal bill of
exceptions; (4) failing to act on appellant's "Motion for Submission/No Notice of Judgment"; (5)
granting summary judgment for Rubio and Koepp because disputed material fact issues exist; (6)
granting summary judgment on behalf of Rubio and Koepp on the defense of qualified immunity;
(7) failing to find the City liable to appellant because of the City's use of tangible personal
property; and (8) granting the supplemental summary judgment motions of Rubio and Koepp
because of appellant's objections to improper notice.



Appellate Jurisdiction


 The City brings a cross-point in which it contends that appellant failed to perfect his appeal
because he did not timely file a perfecting instrument, depriving this Court of jurisdiction over
the appeal. We will overrule the cross-point.

 On March 22, 1993, the trial court granted the motion for summary judgment of
defendants Rubio and Koepp, and severed appellant's claims against them from cause C90-98A
into cause C93-233-C. Also on March 22, 1993, the court, previously having granted the plea
to the jurisdiction of the City and Crime Stoppers, signed an order severing appellant's claims
against the City and Crime Stoppers from cause C90-98A into cause C93-233-C. Apparently,
appellant's causes of action against defendants Parus Dudley and the City of Garden Ridge remain
as C90-98A, with his claims against the City, Crime Stoppers, Rubio, and Koepp severed from
C90-98A, and consolidated into C93-233-C, on appeal, cause number 3-93-375-CV.

 On March 24, 1993, appellant filed a "Motion for Rehearing, or in the Alternative a
Motion to Arrest Judgment." This motion attacks the trial court's actions in granting the plea to
the jurisdiction and in granting the summary judgment in favor of Rubio and Koepp. We must
look to the substance of the motion, not its caption, and consider this document to be a motion for
new trial. Under the ninety-day timetable for perfection based on the timely filing of a motion
for new trial, appellant timely filed his perfecting instrument on June 1, 1993. Tex. R. App. P.
41(a)(1).

 Having determined that we have jurisdiction, we overrule the City's cross-point and
proceed to the merits of the appeal. We will consider the dispositive point of error with regard
to Crime Stoppers and the City. We will then consider appellant's points of error as they relate
to Rubio and Koepp.



Plea to the Jurisdiction


 In point of error two, appellant contends that the trial court improperly granted the plea
to the jurisdiction and special exceptions made by Crime Stoppers and the City. The plea to the
jurisdiction was based on improper service on Crime Stoppers and the City. We agree that the
trial court never acquired personal jurisdiction over Crime Stoppers and the City. We need not
discuss appellant's argument under this point concerning the trial court's grant of special
exceptions, because the service issue disposes of any claims against City and Crime Stoppers.



Crime Stoppers

 Appellant contends he properly served Crime Stoppers by leaving citation at Crime
Stoppers' business location, addressed to Burney Boeck, the New Braunfels Chief of Police. The
record shows that Crime Stoppers is a non-profit corporation, not a City department. As such,
service can be made on the president, any vice president, the registered agent, or, in the absence
of a registered agent, on the Secretary of State. Tex. Rev. Civ. Stat. Ann. art. 1396-2.07(A)
(West 1980) (Non-Profit Corporation Act); see also Tex. Bus. Corp. Act. art. 2.11 (West 1980). 
The record shows that Boeck is neither an officer of, nor registered agent for, Crime Stoppers. 
The record does not show any effort to effect service on Crime Stoppers through a correct
recipient.

 Further, appellant attempted to serve Crime Stoppers by leaving the citation at the location
that he considered to be its principal place of business; i.e., appellant used substituted service. 
Under Rule 106, service is to be accomplished by delivering to the defendant in person a true
copy of the citation or mailing it to the defendant by registered or certified mail. Tex. R. Civ.
P. 106(a). Substituted service may be authorized on motion supported by affidavit detailing the
specific facts showing that personal service has been unsuccessfully attempted. Tex. R. Civ. P.
106(b); Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990). No such motion or affidavit appears
in the record. Therefore, service against Crime Stoppers was ineffective both because appellant
served an unauthorized person and used an unauthorized method of service. The court correctly
concluded that it never acquired personal jurisdiction over Crime Stoppers.


The City

 Appellant also failed to serve the City properly. The Civil Practice and Remedies Code
provision for service on political subdivisions states: "In a suit against an incorporated city, town,
or village, citation may be served on the mayor, clerk, secretary, or treasurer." Tex. Civ. Prac.
& Rem. Code Ann. § 17.024(b) (West 1986). This section is mandatory and designates the only
persons who properly may be served. City of Mesquite v. Bellingar, 701 S.W.2d 335, 336 (Tex.
App.--Dallas 1985, no writ) (city attorney not authorized agent for service). Appellant states that
he served Veronica Sarkozi. According to the record, Veronica Sarkozi does not hold one of the
positions authorized by statute to receive service. The City was therefore not properly served,
and the trial court correctly concluded that it never acquired personal jurisdiction over the City.

 We overrule point of error two. Because of our disposition of point two, we need not
consider point of error seven concerning the possible applicability of the Tort Claims Act to the
claims against the City.



Alleged Procedural Errors


"Motion for Submission/No Notice of Judgment" (2)

 In point of error four, appellant contends that the trial court erred in failing to act on his
"Motion for Submission/No Notice of Judgment." This motion, filed June 22, 1993, complains
that he did not receive notice of the severance of cause C93-233C from C90-98A until June 21,
1993. On March 24, 1993, however, appellant already had filed his motion for rehearing
attacking the judgment and on June 1, 1993, had already perfected his appeal. Appellant's
complaint seems to be about the notice of the assignment of a new cause number, which happened
after the severance, rather than to notice of the judgment or severance.

 Appellant has perfected an appeal from the final judgment in the severed causes of action
against the City, Crime Stoppers, Rubio, and Koepp. Error in the notification process concerning
the cause number, if any, was harmless. Tex. R. App. P. 81(b). We overrule point of error four.



Bill of Exceptions

 In point of error three, appellant complains that the trial court erred in failing to act on a
formal bill of exceptions that he filed after the court granted summary judgment in favor of Rubio
and Koepp. Appellant's "bill of exceptions" does not complain of the exclusion of evidence, but
rather of miscellaneous trial court errors. See Aetna Casualty & Sur. Co. v. Marshall, 699
S.W.2d 896, 905 (Tex. App.--Houston [1st Dist.] 1985), aff'd, 724 S.W.2d 770 (Tex 1987) (point
of error regarding alleged omission of jury instruction not preserved when record contained no
objection to omission and no bill of exceptions in record); Sinclair v. Sav. & Loan Comm'r of
Tex., 696 S.W.2d 142, 150 (Tex. App.--Dallas 1985, writ ref'd n.r.e.) (point of error concerning
failure to make additional findings was waived in the absence of a bill of exceptions). His "bill
of exceptions," however, simply points out alleged trial court errors that this opinion addresses
in other points of error, e.g., point eight addresses the issue of notice of the supplemental motions
for summary judgment. Therefore, any possible error on the trial court's part in not acting on
the bill was harmless. Tex. R. App. P. 81(b). We overrule point three.



"Order Specifying Facts"

 In point of error one, appellant contends that the trial court erred in granting a summary
judgment in favor of Rubio and Koepp after issuing an order stating that disputed material fact
issues existed that prohibited summary judgment in appellant's favor on his motion for summary
judgment. On March 31, 1992, the trial court signed an order denying appellant's motion for
summary judgment. Appellant requested findings of fact and conclusions of law. (3) The order in
question was issued on July 6, 1992, in response to that request. Appellees Rubio and Koepp
later filed their motion for summary judgment on February 22, 1993.

 The filing of motions for summary judgment by both plaintiff and defendant does not affect
the burden of proof each must discharge. Each party's motion will be considered on its own
merits, and the inadequacy of one motion does not establish the propriety of the opposing motion. 
See Cove Invest., Inc. v. Manges, 602 S.W.2d 512, 517 (Tex. 1980); 3 Texas Civil Practice §
18.9, at 467 (Diane M. Allen et al. eds., 1992 ed.). That appellant's summary judgment motion
and proof were inadequate to entitle him to summary judgment does not mean that appellees' later
summary judgment motion and proof were inadequate to entitle them to summary judgment. We
overrule point of error one.



Notice of Supplemental Summary Judgment Motions

 In point of error eight, appellant contends that the trial court erred in considering
supplemental summary judgment motions filed by Rubio and Koepp because they were not filed
twenty-one days before the hearing. Appellees answer that appellant waived any error.

 A party who receives actual notice of the motion and appears at the hearing without filing
a motion for continuance and affidavit under Rule 166a will be deemed to have waived the twenty-one days notice. White v. Wah, 789 S.W.2d 312, 319 (Tex. App.--Houston [1st Dist.] 1990, no
writ); Brown v. Capital Bank, 703 S.W.2d 231, 234 (Tex. App.--Houston [14th Dist.] 1985, writ
ref'd n.r.e.). The record does not show that appellant ever moved for a continuance and therefore
preserved error. White, 789 S.W.2d at 319.

 Further, the court found that appellees had shown good cause for the late filing of the
supplemental motion for summary judgment because it was in response to appellant's third
amended petition that added a new cause of action. The court also found that appellant had
adequate time to respond. Even if he had not waived the point, appellant has not shown an abuse
of discretion in granting permission to file the supplemental motion. See Wilhite v. H.E. Butt Co.,
812 S.W.2d 1, 4 (Tex. App.--Corpus Christi 1991, no writ). We overrule point of error eight.



 Summary Judgment on State Law & Section 1983 Claims 


 In point of error five, appellant contends that the trial court erred in granting summary
judgment for Rubio and Koepp on appellant's state-law claims for false arrest, false imprisonment,
and malicious prosecution, and on appellant's federal claims for civil rights violations. Appellant
also alleged a state-law claim for libel against only Rubio on which the court granted summary
judgment in Rubio's favor. (4)

 All of appellant's claims have the same factual nucleus. On April 20, 1989, Koepp
approached appellant at his place of employment and asked him to accompany Koepp to the police
station for questioning about the April 17, 1989, robbery of the Lone Star Ice House convenience
store in Garden Ridge, Texas. On April 25, 1989, Rubio asked appellant to accompany him to
the police station and participate in a lineup. On May 2, 1989, Rubio arrested appellant for the
robbery of the store, which lead to appellant's confinement in the Comal County jail. The district
attorney eventually dismissed the robbery charge.

 The crucial issue in determining all of appellant's claims is whether his encounters with
Rubio and Koepp on April 20 and 25 and his later arrest violated any of his rights under the
Fourth Amendment. Not all encounters between police and citizens invoke the protection of the
Fourth Amendment. Florida v. Royer, 460 U.S. 491, 497-98 (1983); Terry v. Ohio, 392 U.S.
1, 19 n.16 (1968); Mitchell v. State, 831 S.W.2d 829, 832 (Tex. App.--Houston [1st Dist.] 1992,
pet. ref'd). Logically then, not every encounter between police and citizens violates a Fourth
Amendment right. Police officers have just as much freedom as anyone to ask questions of
others. Daniels v. State, 718 S.W.2d 702, 704 (Tex. Crim. App. 1986), overruled on other
grounds, Juarez v. State, 758 S.W.2d 772, 780 n.3 (Tex. Crim. App. 1988).

 Law enforcement officers do not violate the Fourth Amendment merely by approaching
an individual on the street or other public place, by asking him if he is willing to answer some
questions, by putting questions to him if the person is willing to listen, or by offering in evidence
in a criminal prosecution his voluntary answers to such questions. Royer, 460 U.S. at 497. A
seizure for purposes of the Fourth Amendment does not occur simply because a police officer
approaches an individual and asks questions. As long as a reasonable person would feel free to
disregard the police and go about his business, California v. Hodari D., 499 U.S. 621, 628
(1991), the encounter is consensual and no reasonable suspicion is required to justify it. Florida
v. Bostick, 501 U.S. 429, 434 (1991). Only when the police questioning of a citizen becomes a
"detention" must reasonable suspicion exist. Terry, 392 U.S. at 19 n.16; Mitchell, 831 S.W.2d
at 832.

 That a police officer identifies himself as such, without more, does not convert an
encounter into a "seizure." See United States v. Mendenhall, 446 U.S. 544, 555 (1980); Terry,
392 U.S. at 32-33. A "seizure" within the meaning of the Fourth Amendment occurs only when
the officer by means of physical force or show of authority has in some way restricted a person's
liberty. Florida v. Bostick, 501 U.S. at 434; Terry, 392 U.S. at 19 n.16. The test for the
existence of a "show of authority" is objective: not whether the individual citizen perceives that
he was being ordered to restrict his movement, but whether the officer's words and actions would
have conveyed that to a reasonable person. Hodari D., 499 U.S. at 628.

 As the non-movant on summary judgment, we take all of appellant's favorable evidence
as true, and indulge every reasonable inference and resolve doubts in his favor. Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). A summary judgment can be
based on the testimony of an interested witness if that testimony is clear, positive and direct,
otherwise credible and free from contradictions and inconsistencies, and could have been readily
controverted. Tex. R. Civ. P. 166a(c); Martin v. Cloth World of Texas, Inc., 692 S.W.2d 134,
136 (Tex. App.--Dallas 1985, writ ref'd n.r.e.). Additionally, there must be no circumstances in
the evidence tending to discredit or impeach the testimony. Americana Motel, Inc. v. Johnson,
610 S.W.2d 143, 143 (Tex. 1980). The facts of the encounter as presented by Rubio and Koepp
meet those requirements. Appellant, as one of the participants of the event, could have
controverted the fact statements concerning the event. Once Rubio and Koepp went forward with
evidence showing a detention did not occur, as they did, appellant had to produce enough evidence
to raise a fact issue that a reasonable person would have perceived himself to be detained.

 Appellant has presented little in the way of facts that can be evaluated objectively. 
Appellant speaks of being "accosted" and says that he did not consent to go with the officers, but
he simultaneously speaks of the officers "requesting" that he go with them. That is the extent of
the proof that appellant offered. Appellant asserts that he was so intimidated that he could not
exercise his free will, but offers no evidence concerning any acts by the officers that a reasonable
person would have interpreted as an order to restrict movement. For example, he does not say
that when they "requested" that he accompany them, they did so in a threatening tone of voice or
displayed weapons. See Mendenhall, 446 U.S. at 554. Appellant has failed to present evidence
to raise a fact issue whether a reasonable person would have perceived himself to be detained. If
appellant was never detained during the first two encounters, he could not have had his rights
violated by those encounters.



False Imprisonment

 The elements of a cause of action for false imprisonment are: (1) a willful detention of
the person; (2) against the consent of the party detained; and (3) without the authority of law. 
Sears, Roebuck & Co. v. Castillo, 693 S.W.2d 374, 375 (Tex. 1985); Martinez v. Goodyear Tire
& Rubber Co., 651 S.W.2d 18, 20 (Tex. App.--San Antonio 1983, no writ); Cronen v. Nix, 611
S.W.2d 651, 653 (Tex. Civ. App.--Houston [1st Dist.] 1980), cert. denied, 454 U.S. 833 (1981);
Sanchez v. Garza, 581 S.W.2d 258, 259 (Tex. Civ. App.--Corpus Christi 1979, no writ).

 We have previously discussed the encounters between appellant and Rubio and Koepp that
occurred on April 20 and 25, 1989. We have determined that appellant was not detained on either
occasion. The lack of a detention conclusively negates at least one element of a false
imprisonment claim based on these two encounters.

 Appellant was arrested and jailed in connection with the robbery on May 2, 1989. That
arrest was made pursuant to a warrant issued by the municipal court of Garden Ridge, Texas, on
the same date. Before appellant's arrest, probable cause existed in that the clerk working at the
convenience store identified appellant in both a photographic array and in a physical line-up. The
warrant was offered as part of the summary judgment proof, and appears valid. Appellant has
not offered any evidence that the warrant was defective.

 A cause of action for false imprisonment will not lie against a peace officer who has
arrested an individual pursuant to an arrest warrant legally sufficient in form, and duly issued by
a court of competent jurisdiction. Sanchez v. Garza, 581 S.W.2d at 259. If a warrant has issued
for the arrest of an individual and the individual actually wanted under that warrant is arrested,
the arresting officer has fulfilled his duty, and he will not be liable for false arrest or false
imprisonment merely because the person arrested is later found to be innocent of the charges. 
Baker v. McCollan, 443 U.S. 137 (1979). Rubio and Koepp established their right to summary
judgment on the false imprisonment claim.



False Arrest and Malicious Prosecution

 The elements of a cause of action for false arrest are: (1) a wilful detention of the person;
(2) without consent; and (3) without authority of law. Sanchez v. Garza, 581 S.W.2d at 259. It
is a complete defense to a claim for false arrest that the arrest was executed by virtue of a process
legally sufficient in form and duly issued by a court having jurisdiction to issue it. Id. Such is
the case here. Rubio and Koepp negated at least one element of a false arrest claim.

 The elements of a claim for malicious prosecution are: (1) the commencement of a
criminal prosecution; (2) caused by the defendant through aid or cooperation; (3) which
terminated in favor of the plaintiff; (4) who was not guilty of the charge; (5) that no probable
cause existed for the filing of the charge, (6) that it was done with malice; and (7) the plaintiff was
damaged.

 As discussed above, appellant's arrest was made pursuant to a legally sufficient arrest
warrant. The summary judgment evidence shows probable cause. This negates at least one
element of appellant's claim for malicious prosecution.



Section 1983 Claims

 Appellant also alleged civil rights claims. 42 U.S.C. § 1983 (1988). The elements of a
section 1983 claim are: (1) some person has deprived the plaintiff of a federal right; (2) acting
under color of state law. Martin v. Thomas, 973 F.2d 449, 452-53 (5th Cir. 1992). As discussed
above, appellant's Fourth Amendment rights were never violated. Therefore, a necessary element
of his cause of action has been negated, and Rubio and Koepp are entitled to summary judgment.



Libel Claim

 Appellant also sued Rubio for libel, (5) based on a story about the robbery published in the
New Braunfels Herald-Zeitung. (6) Libel is a defamatory statement in written form, published to
one or more third persons, that tends to injure a living person's reputation and as a result exposes
that person to public hatred, contempt or financial injury. Tex. Civ. Prac, & Rem. Code Ann. §
73.001 (West 1986); Hill v. Herald-Post Pub. Co., Inc., 877 S.W.2d 774 (Tex. App.--El Paso
1994, writ requested). A defamation plaintiff does not have to be named explicitly so long as
those who know and are acquainted with him understand that the defamatory publication referred
to the plaintiff. Mitre v. Brooks Fashion Stores, Inc., 840 S.W.2d 612, 618 (Tex. App.--Corpus
Christi 1992, writ denied). Publication is a negligent or intentional act that communicates a
defamatory matter to a person other than the person named. Id. at 617-18.

 Rubio presented summary judgment evidence that his communication to the newspaper,
the allegedly defamatory communication at issue in this cause, consisted of an account of the facts
surrounding the arrest. He stated that he had referred to the "suspect" in the crime but did not
refer to appellant by name or in any way indicate that appellant had committed the crime. (7) Rubio
thus negated an element of appellants' cause, that of publication. McBride offered no
contradictory evidence. There is no evidence that Rubio's communication to the newspaper was
responsible for publishing appellant's name in connection with the defamatory facts in such a way
that appellant could be identified as the robber. That appellant was arrested was true. That he
was "the robber," evidently was not; however, Rubio's evidence shows that Rubio could not have
said or implied that aspect of the communication. Rubio successfully defeated any cause of action
for defamation that McBride had against him personally, as opposed to a cause of action against
the newspaper.

 We overrule point of error five. Because of our disposition of this point, we need not
discuss point of error six concerning qualified immunity.

 We affirm the trial court's judgment.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: February 8, 1995

Do Not Publish

1. [1]  Appellant's claims against Parus Dudley, the Garden Ridge Police Chief, and the City of
Garden Ridge were severed and are not part of this appeal. Rudy Rubio is a lieutenant and Dennis
Koepp a sergeant in the Comal County Sheriff's Department.
2. [2]  Although this point of error could apply to all appellees, due to our disposition of Crime
Stoppers and the City, the discussion of this point of error applies only to Rubio and Koepp.
3. [3]  Findings of fact and conclusions of law "have no place" in a summary judgment proceeding. 
Linwood v. NCNB Tex., 885 S.W.2d 102, 103 (Tex. 1994).
4. [4]  The libel claim will be discussed separately and last because it has a different factual basis.
5. [5]  McBride's cause of action against Rubio may technically be one for slander rather than libel. 
It is ambiguous whether Rubio's "statement" to the newspaper was oral or written. Slander is a
defamatory statement orally published to a third party without justification or excuse. Shearson
Lehman Hutton, Inc. v. Tucker, 806 S.W.2d 914, 921 (Tex. App.--Corpus Christi 1991, writ
dism'd w.o.j.). 
6. [6]  Appellant also sued the newspaper for libel. McBride v. New Braunfels Herald Zeitung, No.
3-93-00097-CV (Tex. App.--Austin Oct. 12, 1994, writ requested); and McBride v. New Braunfels
Herald Zeitung, No. 3-91-083-CV (Tex. App.--Austin Mar. 11, 1992, no writ) (not designated for
publication).
7. [7]  The story itself is not part of the record in this cause. We note, however, that in cause 3-91-083CV, the text of the story was included as a footnote. The direct quote attributed to Rubio
does not give appellant's name as the robber, which is consistent with Rubio's evidence.